### JOE WRIGHT v. THE STATE.

*No. 1204.   Decided October 30th, 1895.*

**Former Jeopardy—Discharge of Jury—Tests as to—Judgment.**

Under Art. 701, C. C. P., the trial court is authorized to discharge a jury, in a crim-
inal case, "when they have been kept together for such time as to render it altogether
improbable that they could agree."  Held:  That this is the test, and not what the
jurors say about it; and, the judgment discharging the jury is not sufficient unless
it finds and declares that the jury had been kept together such a length of time as to
render it altogether improbable that they could agree.

APPEAL from the District Court of Colorado.  Tried below before Hon.
T. H. SPOONER.

This appeal is from a conviction for burglary, the punishment being
assessed at two years' imprisonment in the penitentiary.

The opinion states the case.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of the offense
of burglary, and his punishment assessed at two years' confinement in
the penitentiary.   At the September term, 1895, of the District Court
of Colorado County, Texas, there was a mistrial of this case.   The jury
retired to consider of their verdict at 4 o'clock p. m., on the 13th day of
said month, returned into open court the next morning at 10 o'clock, and
reported to the court that they could not agree, and  that  there was no
possibility of their agreeing; whereupon the court discharged said jury
without the consent of appellant.   On the 23rd day of September, 1895,
this case was again called for trial.   The State announced ready, and the
defendant interposed a plea of jeopardy, which was by the  court  over-
ruled,  and defendant excepted, and, being convicted, appeals to this
court.   The statute in regard to this matter provides that "the jury may
be discharged after  the cause is submitted to them, when they cannot
agree, and both parties consent to their  discharge, or where they have
been kept together for  such time as to render it altogether improbable
that they can agree.   In this latter case, the court, in its discretion, may
discharge them."   Code Cr. Pro. Art. 701.   The action of the court is
tested by the latter clause of above article; that is, whether the jury
have been kept together for such time as to render it altogether improb-
able that they could agree.   If they had been so kept together, the court

was not bound to discharge them, but had authority to do so, in his discretion. The jury was out about 16 hours. Whether they considered of their verdict all night or not, the record fails to state. Concede, however, that they did, were they kept out such a length of time as to render it altogether improbable that they could agree. The fact that they stated that it was impossible to agree, is not at all decisive of the question. Experience teaches us that this is frequently the case, but, when informed that they will not be discharged, they agree. It is often the case that, after repeatedly returning into court, and stating inability to agree, they finally agree. As before remarked, the test is not what the jurors say about it; the statute prescribing the test, which is that they must be kept out such a length of time as to render it altogether improbable that they could agree. Again, the record informs us simply that the court discharged the jury. We are left to inference as to the reasons prompting him to this action. There should have been a judgment of the court finding and declaring that the jury had been kept together such a length of time as to render it altogether improbable that they could agree. Adams v. State (Fla.), 15 South, 905; 16 Cr. Law Mag., 330. The judgment is reversed, and the cause is remanded.

*Reversed and remanded.*