### A. C. PENN v. THE STATE.

*No. 1033.     Decided May 27th, 1896.*

**1.  Former Jeopardy—Discharge of Jury.**

It is within the discretion of the trial court to discharge a jury and put an end to the trial, and a case will not be reversed on that ground, unless there has been a clear abuse of such discretion.

**2.  Same.**

Where a jury, after considering of their verdict twenty-one hours in a murder case, stated to the court that they could not agree, and the court ordered a mistrial and discharged them over the objection of the defendant, and defendant, when placed upon trial a second time pleaded former jeopardy, based upon the action of the court in discharging the jury on the former trial. Held: The facts stated show no abuse of the judicial discretion of the trial court, and the plea of former jeopardy was properly stricken out on motion of the State.

**3.  Absence of Statement of Facts—Excluded Testimony.**

In the absence of a statement of facts, the court, on appeal, is unable to determine whether excluded testimony was admissible.

**4.  Examination of Witness—New Trial.**

Where the statement of a witness is made in answer to questions by defendant, and no objection of any kind is made by defendant, it is too late to complain of the same in a motion for new trial.

**5. Improper Argument of Counsel.**

In order to entitle a revision of improper argument of counsel, exceptions should be promptly reserved to the objectionable remarks; and, if the court failed to charge the jury to disregard them, the defendant should request special instructions to that effect.

Appeal from the District Court of Fort Bend. Tried below before Hon. T. S. Reese.

This appeal is from a conviction for murder in the first degree, the punishment being assessed at imprisonment for life in the penitentiary.

The indictment charged the accused with the murder of James Rayburne alias Jim Ravin, by striking him with a stick and cutting him with a knife on the 15th day of May, 1895.

There is no statement of facts in the record.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

After the opinion below, affirming the judgment, was handed down, C. C. Everett filed a motion for rehearing and brief, and this motion was overruled without a written opinion June 11th, 1896.

DAVIDSON, Judge.—Appellant was convicted of murder in the first degree, and given a life sentence in the penitentiary, and prosecutes this appeal. Appellant, besides his plea of not guilty, presented and relied on a plea of former jeopardy. Said plea set up that the defendant had been tried at a former term of the court by a jury, and entered his plea of not guilty; that said jury had been discharged without his consent, having been together from 12 m., on the 9th of October, 1895, until 9:30 a. m., on the 10th day of October, 1895; that during that time they ate two or three meals, night intervened, and the jury could have only considered the case nine to ten hours; and that it was altogether too short a time for the court to say that it was improbable that they could not agree by keeping them together longer. The State made a motion to strike out said plea of former jeopardy, reciting the facts that the jury had been kept together twenty-one hours, and the court had adjudicated the fact at the time said jury was discharged; that they had been kept together for such a length of time as to render it altogether *improbable* that they could agree, and, although the appellant did not consent to the discharge of the jury, yet they were discharged. The court struck out said plea of former jeopardy, and the action of the court thereon is assigned as error. It is within the discretion of the court to discharge the jury, and put an end to the trial, and the case will not be reversed on account of the action of the court in this regard, unless there is a clear abuse of discretion. In Varnes v. State, 20 Tex. Crim. App., 107, the jury retired to consider of their verdict at 11:30 a. m., and at 5:30 p. m., the same day, returned into court, and stated that they could not agree.

The defendant objected to their discharge, and they were sent back by the court, and kept until the next morning at 8 o'clock, and they again came into court, and announced that it was altogether improbable that they could agree; that the difference was upon the facts. They were then discharged by the court, over the objection of the defendant. In that case the jury were kept together about the same length of time as the jury were kept together in this case, and this court held that there was no abuse of discretion in the discharge of the jury. In O'Connor v. State, 28 Tex. Crim. App., 288, it appears that the witnesses, who were the jurors that tried the case, disagreed as to the time they had the case under consideration after it was submitted to them. Some of the jurors stated that they considered it two or three hours, and one testified that they were out twenty-four hours. None of the witnesses, however, testified that the jury were discharged over the protest, or against the consent of the defendant. The court in that case instructed the jury to find that the plea was not true. This court in this case held "that jeopardy is a special defense, and the burden of establishing it clearly and satisfactorily rests upon the defendant; and that it devolves upon him to prove (1) that he had formerly been put upon trial under a valid indictment charging him with the murder of John Dee, and (2) that said trial was in the District Court of Bosque County, and (3) that, without his consent, and without legal cause, the trial court discharged the jury trying him before said jury had rendered a verdict in said cause. Until these essentials of jeopardy were established affirmatively by the defendant, the presumption would prevail that the trial court, in discharging the jury, acted upon legal cause, and did not abuse its discretion." In that case some question was made as to whether the two indictments charged the murder of the same party. The court also says "that it was not proved that the trial court discharged the jury without legal cause, and without the consent of the defendant. In the absence of such proof, it must be presumed that the trial court, in discharging the jury, did not abuse the discretion vested in said court by the law;" citing, Branch v. State, 20 Tex. Crim. App., 599, the record discloses that the the jury had been kept together considering their verdict for two days, and in that case the plea of former jeopardy was struck out, and this action held correct. In the case of Wright v. State, 35 Tex. Crim. Rep., 158, it was held that being kept together only sixteen hours was too short a time for the court to say that it was altogether improbable that the jury could agree. This may be considered dicta, as the case, however, was decided upon another ground, to-wit: that there was no judgment of the court adjudicating the fact of the discharge of the jury, and the grounds therefor. In the case before us, the jury were kept together twenty-one hours considering of their verdict— presumably all of the evening of the 9th, and, as is customary, doubtless during the early portion of that night, and until 9:30 a. m. the next day. They reported during the evening of the 9th, that they could not agree, and when they were brought in on the 10th, and questioned by

the court, they stated that they could not agree. The court then adjudicated the grounds of discharge, and ordered a mistrial of the case; and we cannot say in this action of the court there was any abuse of judicial discretion. The jurors were before the court, and the court, doubtless, was familiar with some, and perhaps all, of the men composing the jury, and had some knowledge of their characters, and was afforded an opportunity of forming a correct judgment as to the grounds upon which he proceeded to discharge them. In our opinion, the court did not err in striking out the plea of former jeopardy on the motion of the State. As to excluding testimony, there being no statement of facts in the record. we are unable to determine whether the excluded testimony was admissible, under the circumstances of this case, or not. As to the objection that the witness, Loveless, stated that "we (meaning herself and friends) didn't then know that he (defendant) was a robber," it is sufficient to say that the court makes the bill of exceptions show that this statement was made in reply to a question asked by the defendant, "and no notice was taken at the time, or at any other time," of this remark, "until the filing of the motion for a new trial." There was no error in regard to this matter. The action of the court in permitting the District Attorney to use the following expressions, and the alleged error of the court in not rebuking the same, and excluding them from the jury, were excepted to. The remarks were as follows: "He (meaning the defendant) robbed his friend. He (meaning the defendant) robbed his friend's wife. He (meaning the defendant) beat and nearly killed his friend's wife." The court qualifies this bill by stating "that no notice was taken by the defendant or his counsel of this or any other language used by the District Attorney at the time, or at any other time, until the filing of the motion for a new trial." An exception should have been promptly reserved to these remarks, if they were not authorized by the testimony; and, if the court failed to charge the jury to disregard them, it was the duty of the appellant to ask special instructions to that effect. But the bill, in not stating that these matters were unauthorized by the testimony, fails to show that there was any error in this matter. The testimony may have shown that "he robbed his friend and his friend's wife, and then beat and nearly killed his friend's wife." The statement of facts is not before us. There being no error in the judgment, it is affirmed.

*Affirmed.*