## IGNACIO VILLARREAL V. STATE

No. 34,029.  January 10, 1962
Motion for Rehearing Overruled February 28, 1962
Appellant's Second Motion for Rehearing Overruled April 4, 1962

*John J. Pichinson* and *Wm. Brode Mobley, Jr.,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is murder; the punishment, 25 years' confinement in the penitentiary.

The sole question presented and urged upon the appeal is the contention that appellant's plea of former jeopardy should have been sustained.

The record shows that appellant had been previously placed on trial for the same offense and the jury discharged by the court after having deliberated for approximately twelve to fourteen hours. It was shown that when discharged at the former trial the jury was asked by the court if they believed a verdict was improbable eleven raised their hands and one member made no response.

The order of the judge who tried the case at the former trial shows that appellant's counsel agreed to the discharge of the jury.

Appellant testified that he did not consent to the discharge of the jury.

Two attorneys representing appellant testified that they never agreed, but objected, to the discharge.

It was further shown by the record that the court inquired of the jury for the first time at approximately 10:15 P.M. on Saturday, October 8, 1960, what their sentiments were at arriving at a verdict and that the foreman replied: "Your Honor, we are deadlocked 11 to 1; we have been deadlocked 11 to 1 for several hours. I see no possible chance of this jury reaching a verdict." The Court: "How do the rest of you feel about it?" A juror: "I don't see how we will ever get a verdict." A juror: "I don't think so." The Court: "All of you hold up your right hand that feel that way about it." All but one held up their hands.

The record further reflects that the jury retired for its deliberations about 7:00 P.M. on October 7, 1960, and that they were discharged by the court over twenty-six hours later. Frank Longoria testified that he was a juror during the trial; that they deliberated for approximately four hours on October 7; that on October 8 they deliberated between three and four hours in the morning and from four to four and one-half hours in the afternoon, and three hours in the evening, a total of fourteen to fifteen and one-half hours of deliberation, not counting time for meals or sleep; that the jury found the appellant guilty within two hours; that most of the jurors were for a high penalty; that he was for five or ten years, or possibly more; that the others were too high; that all the time the discussion was on punishment except for the first two hours; that they were still far apart; that he did not say anything when the judge asked if they thought a verdict could be reached.

There is no statement of facts on the merits in the record.

Article 682, V.A.C.C.P., provides:

"After the cause is submitted to the jury, they may be discharged when they cannot agree and both parties consent to their discharge; or the court may in its discretion discharge them where they have been kept together for such time as to render it altogether improbable that they can agree."

Since there is no showing that appellant agreed to the discharge of the jury, it will be assumed that he did not. In the case of Penn v. State, 35 S.W. 973, a murder conviction, the punishment, a life sentence in the penitentiary, it was held that there was no abuse of discretion to discharge the jury because they could not agree after they were together 21 hours, including a night and time for meals, without defendant's consent; and therefore a plea of former jeopardy set up in the second trial was properly stricken out.

In Murphy v. State, 149 Texas Cr. Rep. 624, 198 S.W. 2d 98, a conviction for murder, the punishment, 12 years, the jury deliberated approximately eight hours and reported to the court twice that they were deadlocked. The trial court discharged the jury, after they had unanimously stated that they could not agree and thought it would be useless to continue to deliberate. It was held that the trial judge did not abuse his discretion in discharging the jury and the accused's plea of former jeopardy was properly overruled.

In 42 Texas Jur., p. 448, sec. 352, it is stated:

"As to whether the jury have been held for such a time as to render it 'altogether improbable that they can agree' is addressed to the discretion of the judge. Although the exercise of this discretion is subject to review, it will not be disturbed unless a clear abuse is shown. In any event, the exercise of discretion will be measured by the time the jury have been kept together, considered in the light of the nature of the case and the evidence."

It is evident from the record that the jury deliberated approximately twice as long as they heard evidence. They deliberated from twelve to thirteen hours on the matter of punishment alone. The one juror who did not raise his hand and who did not say he could agree on a verdict testified that the others were too high.

In Miller v. State, 322 S.W. 2d 289, this Court held, in an

opinion by Judge Woodley, that the trial court did not abuse its discretion in discharging the jury and declaring a mistrial, where the jury deliberated at a joint trial for two misdemeanor offenses about four hours, including lunch period, and reported to the trial court that they were unable to agree and were equally divided and had been deadlocked for two or three hours without change, four jurors stating that they would not change, and each expressing the view that they could not agree. This Court held that the discharge of the jury at the former trial did not constitute jeopardy barring another trial. Also see Strickland v. State, 336 S.W. 2d 185, wherein this Court held the trial court did not abuse his discretion in discharging a jury after three hours' deliberation, declared a mistrial, and that in overruling appellant's plea of former jeopardy the court did not err.

We here point out that Green v. State, 320 S.W. 2d 139, holds "the exercise of discretion is measured by the time the jury have been kept together, considered in the light of the nature of the case and the evidence." Since there is no statement of facts on the merits in this case, this Court cannot consider the nature of the evidence in determining whether the trial court used discretion.

We find that the trial court did not abuse his discretion in concluding that the jury could not agree upon a verdict and in discharging them and declaring a mistrial. We further hold that the discharge of the jury at the former trial did not constitute jeopardy barring another trial.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing appellant insists that his Bill of Exception No. 2, which we did not discuss in our original opinion, presents reversible error because it certifies that he was denied the right to present to the jury evidence in support of his plea of former jeopardy.

The bill of exception must be considered in the light of the following facts shown by the record:

At the former trial Judge Tillman Smith presided.

When the present case was called for trial on May 15, 1961,

before Judge J. D. Todd, Jr., and the State announced ready, appellant announced that he desired to file a special plea in bar to the prosecution, and to offer evidence in connection with such plea.

No jury had been empaneled.

Evidence was then introduced before Judge Todd, transcript of which is before us, at the conclusion of which the plea of former jeopardy was overruled.

Thereafter, on May 23, 1961, a plea of former jeopardy which appears to be otherwise identical with that upon which the court had heard the evidence and had overruled, was sworn to and filed, and was denied.

On the same day, May 23, 1961, appellant filed a motion renewing his plea of former jeopardy and requesting that the court permit evidence on the plea of former jeopardy and have the jury pass on that question before hearing any evidence in connection with the offense charged in the indictment. He alleged in said motion that any testimony taken in connection with the offense charged in the indictment would have a prejudicial effect upon the jury in considering the plea; and that to permit the jury to hear evidence in connection with the offense charged in the indictment at the same time that evidence was heard on the plea of former jeopardy would violate appellant's constitutional right to a fair and impartial hearing and to due process. Such motion was by the court denied.

We know of no authority which sustains appellant's contention that he was entitled to have a jury finding on the issue raised by his plea of former jeopardy before any evidence was heard on the charge of murder. To the contrary, it is the rule that the plea of former jeopardy be submitted and tried by the jury together with the plea of "not guilty". See Art. 525, V.A.C.C.P. and cases listed under Note 1, Art. 526, V.A.C.C.P.

While the cases cited by appellant sustain his contention that he was entitled to introduce evidence before the jury for the purpose of discharging the burden resting upon him of proving by a preponderance of the evidence that his plea was true, there is no showing in this record that appellant tendered evidence before the jury in support of his plea after the court had properly refused to permit such evidence to be offered in advance of a hearing on the merits.

We hold that, under the record, appellant waived any right he may have had to a jury finding on whether his plea of former jeopardy was true.

We remain convinced that Judge Todd did not err in overruling the plea of former jeopardy.

The motion for rehearing is overruled.

Opinion approved by the Court.