**Johnny Leo HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39268.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery by assault; the punishment, 25 years.

Appellant entered his plea of guilty before the court without the intervention of a jury, and the court heard evidence in accordance with the provisions of Article 12, Vernon's Ann.C.C.P.

Witness Chapman, President of the Iredell State Bank, testified that the appellant appeared at his bank on the morning of January 20, 1965, in the company of another man and that they robbed the bank at gunpoint of $16,350.00.

The State introduced the confession of appellant wherein he admitted committing the robbery and detailed the manner and means by which he and his companion had perpetrated the same.

The evidence is sufficient to support the court's finding of appellant's guilt.

In the transcript we find a "Motion and Plea of Former Jeopardy" alleging a former conviction in Federal Court. Nowhere in the statement of facts do we find any evidence that the allegation of the motion or plea was true; therefore, the question is not before this Court for con-

sideration. Villarreal v. State, 172 Tex.Cr. R. 213, 355 S.W.2d 516. If it were true, it would constitute no defense. Garrett v. State, Tex.Cr.App., 387 S.W.2d 53, and cases there cited. This being so, we are not called upon to pass upon the question of the propriety of a special plea where a plea of guilty is entered.

Finding no reversible error, the judgment is affirmed.