Melvin George NASH, Appellant,

v.

The STATE of Texas, Appellee.

No. 43612.

Court of Criminal Appeals of Texas.

April 27, 1971.

Rehearing Denied June 9, 1971.

Bill R. Jones, Mesquite, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for robbery with punishment assessed by the jury at 35 years confinement in the Texas Department of Corrections.

This is a companion case to Lipscomb v. State, Tex.Cr.App., 467 S.W.2d 417, this day decided. [See also Holbert v. State, Tex.Cr.App., 457 S.W.2d 286; Goodley v. State, Tex.Cr.App., 457 S.W.2d 294; Bartley v. State, Tex.Cr.App., 457 S.W.2d 297.]

By his first three grounds of error, appellant contends that the verdict is contrary to the law and evidence, that evidence should not have been admitted relating to the commission of extraneous offenses, and that his attorney should have been permitted to inform the jury that he was under indictment from the facts which constitute the basis of this case or that any other such charge is pending or has been disposed of in another trial.

The state's evidence reflects that at approximately 1:00 A.M., April 21, 1968, the complaining witness, Mrs. G—, was seated in the driver's seat of her car talking to Robert Digle, who was standing outside the car, when the appellant and Willie Earl Lipscomb approached them. Appellant displayed a pistol and said, "This is a stick up." Mrs. G— and Digle were forced into the rear seat of Mrs. G—'s car at gunpoint and appellant got into the back seat with them. Lipscomb drove her car to another location while they were being followed by another car.

Mrs. G— testified that she and Digle were escorted into the bushes and weeds

and she was raped by 5 men; that Digle was shot and that he died later that day. She further testified that appellant and his companions left her at this location, taking her car, which was subsequently found abandoned.

■ At the outset, appellant's contention that the verdict is contrary to the law and the evidence is without merit. The robbery was completed when appellant and his companions took possession of the car at gunpoint.

■ As to his contention that the evidence relating to the rape and murder should not have been admitted since they were extraneous offenses, this court, in Ellison v. State, Tex.Cr.App., 419 S.W.2d 849 [reversed on other grounds, 392 U.S. 649, 88 S.Ct. 2290, 20 L.Ed.2d 1350], stated:

"The three offenses [robbery, kidnapping and rape] were committed by a continuous asssult and were so interwoven as to be part of the same transaction. The evidence sought to be excluded was admissible under the so called res gestae rule. See Kerrigan v. State [167 Tex. Cr.R. 601], 321 S.W.2d 884, and cases cited."

In 4 Branch's Ann.P.C.2d Ed., Sec. 2255, page 618, it is written: " * * * where the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." See also 23 Tex.Jur.2d 302, Sec. 196; Walker v. State, Tex.Cr.App., 454 S.W.2d 415; Jefferson v. State, Tex.Cr.App., 452 S.W.2d 462; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Blankenship v. State, Tex.Cr.App., 448 S.W.2d 476.

We hold that evidence of all three transactions [robbery, rape and murder] was admissible under the res gestae rule. Smallwood v. State, Tex.Cr.App., 464 S.W.2d 846 (1971); Kerrigan v. State, supra.

■ Likewise, we find no merit in appellant's contention that reversible error was committed when the trial judge granted the state's motion in limine to prohibit appellant from bringing to the attention of the jury that "appellant was or is under indictment from the facts which constitute the basis of this case or that any other such charge is pending or has been disposed of in another trial."

He contends that this order is a violation of the double jeopardy prohibition. Former jeopardy must be specially pleaded in writing before the trial. See Arts. 27.05, 27.06 Vernon's Ann.C.C.P.; Galloway v. State, Tex.Cr.App., 420 S.W.2d 721. No such special verified plea appears in the record. Further, the contention that he was "* * * under indictment * * *" does not form the basis for former jeopardy plea under Art. 27.05, supra, which states:

"The only special pleas which can be heard for the defendant are:

"1. That he has been convicted legally, in a court of competent jurisdiction, upon the same accusation, after having been tried upon the merits for the same offense; and

"2. That he has been before acquitted of the accusation against him, in a court of competent jurisdiction, whether the acquittal was regular or irregular."

The question of former jeopardy or conviction is not properly before this court for consideration. Hill v. State, Tex.Cr.App., 398 S.W.2d 944; Villarreal v. State, 172 Tex.Cr.R. 213, 355 S.W.2d 516.

■ Art. 37.07, Sec. 2(b), V.A.C.C.P. provides that

" * * * evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character * * *."

during the punishment stage of the trial. There is no provision for introduction into evidence " * * * that any other *charge* is pending * * *." (Emphasis supplied.)

The record does not reflect that appellant offered any evidence of a prior criminal record to support his contention that he should have been permitted to inform the jury that another charge "has been disposed of in another trial."

Appellant's grounds of error 1, 2, and 3 are overruled.

Next, appellant contends the trial court committed reversible error by allowing the state to introduce into evidence portions of a written confession taken from appellant.

■ The record reflects that the court, outside the presence of the jury, held a hearing on the admissibility of the statement made by appellant in accordance with Art. 38.22 V.A.C.C.P. The statement was admitted into evidence after the trial court found that it was a confession given voluntarily. Appellant offered no evidence during the hearing on the voluntariness of the confession, requested no charge on the law pertaining to the confession, and made no objection to the charge given. The fact that the appellant was 16 years old when the confession was taken does not make it any less voluntary.

Appellant's ground of error number four is overruled.

■ Lastly, appellant contends there was not a timely appointment of legal counsel to represent him in this case.

The record reflects that the Honorable Al Leviton was appointed to represent appellant on the date the trial commenced, March 3, 1969, and that he and the appellant waived in writing the 10 days preparation time to which he is entitled under Art. 26.04(b) V.A.C.C.P. and announced ready for trial.[1]

Viewing the record in its entirety, it is apparent that counsel was well prepared and did an adequate job in representing the appellant.

Ground of error number five is overruled.

Finding no reversible error, the judgment is affirmed.

---

1. Apparently this same attorney had represented appellant in prior cases growing out of the same transaction.