John Henry WOODS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44602.

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied May 31, 1972.

Robert M. Jones, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for aggravated assault upon a police officer; the punishment, two years imprisonment in the county jail and a fine of $1,000.00.

During the late afternoon hours of June 23, 1969, David Pyatt, a Dallas police officer, was serving as the security guard at a municipal swimming pool in Dallas. Two women approached the officer and had started to make a complaint when the appellant came up to Pyatt, referring to the two women, and said, "Hell yes, I ran my hand up between their legs, what are you gonna do about it, you white m_____

f_____?" This resulted in a disturbance and Officer Pyatt summoned assistance by calling the police dispatcher. Within minutes two squad cars arrived. Initially, an attempt was made to escort the appellant to the police car without the use of force. The appellant was instructed to exit from the pool area, but started to go into a dressing room. The officers then grabbed the appellant's arms, held them behind his back, and carried him to the police vehicle. The appellant, while resisting the officers shouted obscenities and exhorted the people at the pool to "kill these blue pigs . . . kill these white m_____ f_____s." The 200 to 250 people present began evacuating the pool and rushing toward the officers. An emergency call was put out by one of the officers and other police vehicles arrived on the scene almost immediately. The appellant struggled with the police officers throughout this time. Donald W. Crum, one of the police officers who responded to Pyatt's call for help, was kicked in the groin by the appellant while the officers were attempting to place appellant in a patrol car. Crum was wearing his police uniform.

The appellant was charged with committing an aggravated assault upon Crum, knowing him to be a police officer in the lawful discharge of the duties of his office.

Judgments showing the appellant's prior convictions for felony theft and unlawfully carrying a pistol were without · objection and by agreement and stipulation of the appellant admitted into evidence at the punishment phase of the trial.

Appellant's first two grounds of error are "The court erred in failing to submit in the charge the issue of whether the officer was acting in the discharge of his duties" and "The trial court erred in failing to submit in the charge the issue of legality of the arrest."

The first ground of error is without merit because the court did charge the jury that "an assault becomes aggravated when committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty." This charge tracks the statute, and appellant's requested charge number 6 is in almost identical language to the charge given on this phase of the offense. No error is shown.

The appellant filed a request that several instructions be included within the court's charge to the jury. None of these requested instructions can be construed to be the same as that urged in ground of error number two, which the appellant now complains the trial court failed to submit to the jury. This ground of error on appeal complaining of the court's charge presents nothing for review, because at the time of trial neither a requested charge was presented nor an objection to the court's charge was made on the same ground. In order to reflect error, an objection to the charge or a requested charge must be made in writing and filed before the court's charge is submitted to the jury as required by Articles 36.14 and 36.15, Vernon's Ann.C.C.P. See Dominguez v. State, 459 S.W.2d 628 (Tex.Crim. App.1970).

The appellant's counsel dictated into the record certain objections to the court's charge. Oral objections to the court's charge dictated into the record will not preserve error. Fennell v. State, 460 S.W.2d 417 (Tex.Crim.App.1970); Baity v. State, 455 S.W.2d 305 (Tex.Crim.App. 1970); Stewart v. State, 438 S.W.2d 560 (Tex.Crim.App.1969); Seefurth v. State, 422 S.W.2d 931 (Tex.Crim.App.1967).

The court did charge the jury on the defensive issues of the right to resist if excessive force was used in making a lawful arrest and on the law of self-defense.

The appellant's third ground of error attempts to raise the issue of double

jeopardy and collateral estoppel. The appellant's motion was not verified as required by Articles 27.05 and 27.06, V.A.C. C.P., and was not filed and presented to the trial court until the second day of the trial of the case on its merits. The motion alleged the appellant's conviction in the corporation court. A transcript of testimony from the corporation court appears in the record, however, the motion was not supported by offering into evidence a judgment for any offense in the corporation court. The record in this case does not therefore support this ground of error urged on appeal. It is therefore without merit and is overruled. See the recent case of Shaffer v. State, 477 S.W.2d 873 (Tex.Crim.App.1972), where the almost identical issue is discussed at length. See also Nash v. State, 467 S.W.2d 414 (Tex. Crim.App.1971) and Hill v. State, 398 S.W. 2d 944 (Tex.Crim.App.1966).

The appellant's fourth ground of error complains that a defense witness was not permitted to testify about the "demeanor of participants in the disputed struggle."

■ From the argument in the appellant's brief supporting this ground of error it appears he is complaining because a witness who testified he was certified in California as a "psychiatric social worker" was not permitted to evaluate the conduct of the participants in the affray. The court did not err in refusing to permit the appellant to elicit such testimony. Compare Hopkins v. State, 480 S.W.2d 212 (Tex. Crim.App.1972).

The witness testified he was present at the swimming pool and witnessed the events that gave rise to this prosecution. The court ruled repeatedly that the witness could testify to anything he had seen or heard at that time. This ground of error is without merit.

The appellant's fifth ground of error is "The state produced testimony of an extraneous matter of an extreme inflammatory and prejudicial nature."

■ One witness who was describing what had occurred at the time this offense was committed testified that a "Latin American baby's eyes were put out directly related to the incident." Defense counsel's objection to this testimony was sustained. A motion for mistrial was not made and an adverse ruling of the trial court was not obtained, therefore no error was preserved for our review. See Burks v. State, 432 S.W.2d 925 (Tex.Crim.App. 1968).

The appellant's sixth ground of error is that he had ineffective assistance of counsel during the trial.

■ The appellant was represented by trial counsel of his choice. He had known the attorney who represented him for two years. Trial counsel filed, presented and obtained rulings on several pretrial motions. Trial counsel selected the jury and conducted a lengthy cross-examination of the State's first witness, Officer Pyatt. On the second day of the trial, the appellant informed the court that he wanted to "fire" his attorney. Upon being questioned by the trial court, appellant said he did not have another attorney to represent him. The appellant insisted upon representing himself. The trial court wisely refused to excuse appellant's trial counsel. It was then agreed that both the appellant's counsel and the appellant personally could examine and cross-examine witnesses. Thereafter, each witness was interrogated by the appellant personally and by his counsel. The appellant's trial counsel and the appellant personally addressed the jury in argument. The record reveals that the trial court carefully protected the rights of the appellant and conducted the trial in a fair and commendable manner under the difficult circumstances created by the appellant himself. A careful review of the record convinces us that appellant's complaint that he was denied effective representation of trial counsel is without merit. Cf. Carr v. State, 475 S.W.2d 755 (Tex. Crim.App.1972); Andrade v. State, 470 S.

W.2d 194 (Tex.Crim.App.1971); Robinson v. State, 458 S.W.2d 75 (Tex.Crim.App. 1970); Thompson v. State, 447 S.W.2d 920 (Tex.Crim.App.1969).

The judgment is affirmed.

Opinion approved by the court.