**William M. HOLMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47834.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Raymon Jordan, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft; the punishment, two (2) years.

Appellant's sole ground of error is that the trial court erred in allowing the prosecutor to elicit testimony from appellant during the punishment phase of the trial concerning his hospitalization for drug addiction.

Appellant, who had filed a motion for probation, testified before the jury in support of such motion and related his counsel had explained to him the conditions of probation that could be imposed and that he could abide by such conditions if granted probation, that he was presently employed, etc.

On cross-examination he was asked about other types of employment he had had. In explaining his employment history, he voluntarily stated he had been "sick for a while." Over general objection that it was irrelevant, the prosecution was permitted to inquire as to the nature of the illness and established that the appellant had been in a drug abuse unit of a Veterans' Administration Hospital, as he had had a drug problem with marihuana and heroin.

On redirect examination it was established by appellant's counsel that the appellant was still in the therapy program of the Veterans' Administration Hospital as an outpatient and that his treatment included "a psychological consultation."

At the outset it should be observed that appellant's general objection of "irrelevant" can hardly be considered sufficient to apprise the trial court of the complaint urged.

" 'It is a long established rule that an objection to admission of evidence must be specific and must state the grounds of the objection or the same will not be considered. It is also a well settled rule that an objection that the evidence is irrelevant, immaterial and incompetent is but a general objection which is like no objection at all.' " Russell v. State, 468 S.W.2d 373 (Tex.Cr.App.1971).

█ Further, in light of his motion for probation and the fact that one of the probationary conditions the court could impose under Article 42.12, Vernon's Ann.C.C.P., if the jury recommended probation, was "to avoid injurious or vicious habits," it would not seem the evidence was "irrelevant."

As this court wrote in Allaben v. State, 418 S.W.2d 517 (Tex.Cr.App.1967):

"Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P., is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible." 418 S.W.2d at 519.

See also White v. State, 444 S.W.2d 921, 923 (concurring opinion) (Tex.Cr.App. 1969); Basaldua v. State, 481 S.W.2d 851 (Tex.Cr.App.1972); Brumfield v. State, 445 S.W.2d 732, 741 (Tex.Cr.App.1969); Santiago v. State, 444 S.W.2d 758 (Tex. Cr.App.1969).

And, Judge Odom, writing for this court in Davis v. State, 478 S.W.2d 958 (Tex. Cr.App.1972), said:

"While the general rule is that specific acts of misconduct by the accused which have not resulted in final convictions cannot be admitted, this court has been reluctant to exclude legally admissible evidence which is relevant to a fair determination of an accused's application for probation. . . . " (cases cited omitted) 478 S.W.2d at 959.

The issue of probation was squarely before the jury, and there is nothing to indicate the prosecutor acted in bad faith.

We are not simply dealing with improper impeachment under Article 38.29, Vernon's Ann.C.C.P., or testimony which was not proper under Article 37.07, Vernon's Ann. C.C.P. Other issues can become involved rendering relevant testimony admissible.

In McCrea v. State, 494 S.W.2d 821 (Tex.Cr.App.1973), where the issue of probation was squarely before the jury, it was held that the prosecutor did not err in questioning the defendant whether he was addicted to any type of drug, addicted to marihuana, or had shot "speed" in the past. See also Cleveland v. State, Tex.Cr.App., 502 S.W.2d 24 (delivered October 17, 1973).

█ We do not construe the foregoing cases as being in conflict with Nash v. State, 467 S.W.2d 414 (Tex.Cr.App.1971), relied upon by the appellant. There, Nash complained of the court's action in granting the State's motion in limine prohibiting him from bringing to the jury's attention the fact that other charges were pending against him growing out of the same facts which constituted the basis of the case before the jury. This court held that Article 37.07, Sec. 2(b), supra, did not provide for introduction by the defendant of other pending charges. This is a far cry from the instant case.

The judgment is affirmed.