George BUSTOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–84–00083–CR.

Court of Appeals of Texas, El Paso.

Sept. 12, 1984.

Rehearing Denied Oct. 3, 1984.

Joe Rey, Jr., El Paso, for appellant.

Steve Simmons, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a denial of habeas corpus relief in the court below. Appellant was indicted for murder. A jury was empanelled and evidence presented in the 41st District Court. The jury retired to deliberate the first stage of the trial on April 21, 1983, but failed to reach a verdict that day. Both sides consented to separation of the jury overnight, with deliberations to resume the next morning. In admonishing the jurors to refrain from exposure to outside information concerning the trial or the Appellant, the trial judge stated:

You are not to read any newspaper accounts of this trial or anything, any previous record of this Defendant, no newspaper accounts whatsoever ....

When the jurors departed, Appellant's counsel moved for a mistrial, contending that the admonition implied a prior criminal record on his client's part. Counsel did express some misgivings due to his "liking" for the jury. The prosecutor suggested that the court take the motion under advisement until the following morning.

The next morning, prior to any ruling by the court, Appellant, personally and through counsel, withdrew his motion for mistrial. The court denied permission to withdraw the motion and declared a mistrial.

The Court at this time has additional information on which to base a mistrial. The Court is of the opinion that in addition to the possible prejudice to the Defendant in this cause, a continuation of jury deliberation in this case would be unfair to the State of Texas based on the additional information that has been reported to me.

The trial judge provided further explanation in his parting remarks to the jury.

I personally doubt that any of you remember what I said and further, I personally doubt that this would affect your verdict in this case because you did not realize, I'm sure, the significance of what I said. I don't think it would have made any difference to you one way or the other. However, it is on the record and an additional matter has been brought to the Court's attention.

This is highly reliable information; that Joe Mizcles lied to you on the witness stand. Certainly, this would have a material effect on your decision in my opinion. Therefore, in the interest of justice to both the Defense and the State of Texas, I'm going to declare a mistrial in this case.

■ Improper termination of an earlier trial raises a double jeopardy bar to subsequent prosecution. *Torres v. State*, 614 S.W.2d 436 (Tex.Crim.App.1981); Tex.Code Crim.Pro.Ann. art. 27.05(3) (Vernon Pamphlet Supp.1984). Such a claim may be raised and tried by special plea under Articles 27.05 and 27.07, or as in this case, may be presented via habeas corpus. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim. App.1982).

■ The Appellant was entitled to withdraw his motion for mistrial prior to the court's ruling and thereby waive any error occasioned by the earlier admonition to the jury. Consequently, the mistrial cannot be viewed as one granted at the request or with the consent of the accused. Under such circumstances, a trial judge may sua sponte terminate a trial short of a verdict only for manifest necessity or to prevent what would otherwise be a defeat of the ends of public justice. *Chvojka v. State*, 582 S.W.2d 828 (Tex.Crim.App.1979).

■ The trial judge's final remarks to the jury clearly demonstrate that his earlier admonition presented no manifest necessity or chance of injustice to the Appellant. This leaves only the perjured testimony rationale. The record before us does not reflect the actual testimony of Joe Mizcles,

but it is clear from the court's comments that the suspected perjury favored the Appellant and was detrimental to the State's case. Nor does the record disclose the manner in which the trial judge became aware of the perjury allegation. No hearing, with witnesses subject to direct and cross-examination, appears to have been conducted.

In *Torres, supra,* a mistrial was declared due to the trial judge's conclusion that an adverse change in the testimony of a State's witness from his pretrial statements was due to intimidation. The Court of Criminal Appeals reversed and dismissed the cause following subsequent retrial and conviction finding that the record failed to disclose a manifest necessity for the earlier mistrial. The appellate court recognized that *United States v. Johnson,* 584 F.2d 148 (6th Cir.1978) and *United States v. Walker,* 557 F.2d 741 (10th Cir.1977) supported a proposition that reasonable fear for the safety of witnesses or jurors would constitute manifest necessity. The *Torres* record, however, failed to establish a reasonable basis for such fear.

Here, the trial judge was not confronted with fear for the safety of a witness or juror but simply with the credibility of testimony which had been presented to the fact finder. The trial judge took it upon himself to retroactively determine credibility in lieu of the jury, thereby depriving it of its rightful function. Even in a *Torres, Johnson* or *Walker* situation, the record must disclose the underlying facts upon which the trial judge based his express or implied finding of manifest necessity. *Torres* at 443. No such showing was made in this proceeding.

We find that the previous trial of the Appellant was improperly terminated and that he was entitled to the relief which he subsequently sought in the trial court via petition for writ of habeas corpus.

The order denying habeas corpus relief is reversed, the writ is granted, and the cause is dismissed and the Appellant ordered discharged under this cause.