IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-117-CR





EX PARTE: SYLVIA HOFFMAN,



 APPELLANT






 




FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY



NO. 372323, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING



 




 This is an appeal from the trial court's denial of relief in a habeas corpus
proceeding. Appellant filed a pre-trial application for writ of habeas corpus seeking to bar
prosecution for the misdemeanor offense of driving while intoxicated on the ground that a
previous trial had been improperly declared a mistrial due to the jury's inability to reach a verdict. 
Appellant asserts in two points of error that the trial court erroneously denied her requested relief
that further prosecution be barred under the double jeopardy provisions of the Fifth Amendment
to the United States Constitution and article I, section 14 of the Constitution of Texas. We will
overrule appellant's points of error and affirm the order of the trial court.

 After the jury deliberated for approximately one hour and forty minutes, it reported
to the court through a written communication, signed by its foreperson, that it was unable to
unanimously agree on a verdict, and "jurors opposed will most likely not be swayed." The jury
was returned to the courtroom, given a standard Allen charge, and instructed to continue its
deliberations. After deliberating for approximately two more hours, the jury notified the court
that "we cannot in complete good conscience deliver a verdict."


 Following the second note, there was a conference between the court, defense
counsel and the prosecutor in the court's chambers. The court's findings reflect that the State
agreed to defense counsel's motion for mistrial. The court then asked counsel if they wanted to
know how the jury was divided stating that, "in my mind a mistrial had already occurred." The
court, with counsel's approval, sent a note to the jury asking it "to inform us of your count -- How
many are guilty and how many are not guilty?" The foreperson of the jury responded in writing,
"four not guilty, two guilty." The court's findings conclude:



The defense then withdraws its motion for a mistrial. I then state that the mistrial
has already been granted, and then I come back to the courtroom and formally do
the mistrial on the record, and that is the end of the process after that occurs.



Appellant testified at the habeas hearing that she did not know that defense counsel had asked for
a mistrial, and after hearing how the jury stood numerically, she advised counsel that she did not
want a mistrial. Appellant stated that she never consented or agreed to a mistrial.

 The jury "may be discharged when it cannot agree and both parties consent to its
discharge; or the court may in its discretion discharge it when it has been kept together for such
time as to render it altogether improbable that it can agree." Tex. Code Crim. Proc. Ann. art.
36.31 (West 1981) (emphasis added). Appellant urges that there was not effective consent to the
jury's discharge since defense counsel's motion for mistrial was made without appellant's consent
and defense counsel's motion was withdrawn before it was ruled on by the court. Absent consent
of the parties, appellant asserts that the trial court abused its discretion since there was no manifest
necessity for a mistrial.

 A defendant need not be asked if he personally approves of the action of his trial
counsel in requesting a mistrial. Rios v. State, 557 S.W.2d 87, 91 (Tex. Crim. App. 1977). 
However, a defendant may withdraw his motion for mistrial prior to the court's ruling on the
motion. See Bustos v. State, 675 S.W.2d 811, 812 (Tex. App.--El Paso 1984, no pet.). We must
determine whether the trial court had ruled on the motion in the instant cause prior to its
withdrawal by appellant. The trial court's findings state that "in my mind [the mistrial] was going
to be granted" when the State agreed with appellant's motion. The findings further state that when
appellant withdrew her motion the mistrial had already been granted, and "then I come back to
the courtroom and formally do the mistrial." While the court may have felt that a mistrial had
occurred, the record is devoid of any affirmative ruling prior to appellant withdrawing her motion
for mistrial. To hold that the State's agreement to defense counsel's motion for a mistrial
constitutes a ruling by the court is tantamount to placing the control of the court in the hands of
counsel.

 The court, however, may sua sponte declare a mistrial when "there is a manifest
necessity for the mistrial or the ends of justice would otherwise be defeated." See Chvojka v.
State, 582 S.W.2d 828, 830 (Tex. Crim. App. 1979). The resolution of whether the trial court
abused its discretion in declaring a mistrial is determined by the amount of time the jury
deliberates considered in light of the nature of the case and the evidence. Beeman v. State, 533
S.W.2d 799, 800 (Tex. Crim. App. 1976). Each case must turn on its own facts. Torres v. State,
614 S.W.2d 436, 442 (Tex. Crim. App. 1981). The length of time the jury may be held for
deliberation rests largely in the discretion of the court, and unless it is made to appear that the
court abused its discretion in this regard, no reversible error is shown. Garcia v. State, 522
S.W.2d 203, 208 (Tex. Crim. App. 1975).

 Appellant directs our attention to felony cases in which the court held that the trial
court did not abuse its discretion in refusing to declare a mistrial when the jury had deliberated
as much as three times the length of time consumed in presentation of evidence. See Love v.
State, 627 S.W.2d 457, 459 (Tex. App.--Houston [1st Dist.] 1981, no pet.); Willis v. State, 761
S.W.2d 434 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd). Appellant also complains of the
trial court's failure to make any determination of whether the jury had made any progress in terms
of its numerical count from the time of the first vote until the time of the second vote. See
Smithwick v. State, 732 S.W.2d 768, 771 (Tex. App.--Ft. Worth 1987, pet. ref'd); Beeman v.
State, 533 S.W.2d 799 (Tex. Crim. App. 1976).

 In Miller v. State, 322 S.W.2d 289 (Tex. Crim. App. 1959), the trial of defendant
for two misdemeanor offenses was submitted to the jury on the second day of the trial. After
deliberating for four hours, including a lunch period, the jury reported that it was equally divided
and had been deadlocked without change for two or three hours. The report reflected that four
jurors stated that they would not change and each juror expressed the view that the jury could not
agree. The court held that the trial court did not abuse its discretion in discharging the jury and
declaring a mistrial. Id. at 291.

 In the instant cause appellant was charged with a misdemeanor offense. The
presentation of testimony consumed approximately five hours and jury deliberations lasted
approximately three hours and forty minutes. The jury's first communication to the court reflects
it was unable to unanimously agree and "jurors opposed will most likely not be swayed." After
the court gave the jury a standard Allen charge and instructed the jury to continue its deliberations,
the jury deliberated almost two hours before it reported it "could not in complete, good conscience
deliver a verdict."

 Love, Willis and Miller reflect the reluctance of reviewing courts to disturb the
rulings of trial courts in refusing or declaring mistrials when a jury is unable to agree unless it is
made to appear that the trial court abused its discretion. While the trial court should have made
a determination of whether the jury was making any progress in terms of its numerical division,
we find the lack of such action on the part of the trial court, standing alone, does not constitute
an abuse of discretion. Under the facts of the instant cause, we hold that the trial court did not
abuse its discretion in discharging the jury and declaring a mistrial. The discharge of the jury at
the former trial did not constitute jeopardy barring another trial. Appellant's points of error are
overruled.

 The order of the trial court denying relief is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Kidd and Davis*

Affirmed

Filed: November 24, 1993

Do Not Publish


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).