Roger Dean BOONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 47627.

Court of Criminal Appeals of Texas.

March 6, 1974.

G. Brockett Irwin, Longview, for appellant.

Ralph Prince, Dist. Atty., Longview, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of attempted burglary; punishment was assessed at two years' confinement. Appellant's complaints on appeal all center around the mistrial which was declared the first time this cause was tried. The first trial was held on February 22, 1973; a mistrial was declared on the afternoon of that same day. Appellant was again put to trial on February 26, 1973, and found guilty as charged.

Initially, it is argued that the trial court, upon the second trial, erred in failing to sustain the appellant's plea of former jeopardy. Appellant contends that the jury was not kept together for such time as to render it altogether improbable that they could agree on a verdict. The record reflects the following relating to the first trial: the trial itself began at 9:30 a. m., and ended prior to the noon recess; this span of approximately two and one-half hours included three short recesses and one conference at the bench, outside the presence of the jury. Appellant states that the jury retired to deliberate the case at 1:50 p. m., and at 3:35 p. m. reported to the court that they were "hung", with their vote standing at "9 to 3". After being sent back to deliberate again, they reported at 4:30 p. m. that they were still "hung up" and that there had been "no change in their situation." The judge then inquired of the foreman of the jury if he thought further deliberation would result in a verdict; he replied that he did not. A mistrial was then declared.

This Court only recently had the opportunity to deal with a similar problem, involving the declaration of a mistrial. Satterwhite v. State, 505 S.W.2d 870 (delivered February 20, 1974). That decision discussed the applicable case law in this area, and it would be repetitious to restate those precedents. We conclude that the trial judge did not abuse his discretion in discharging the jury in this case, since that decision must be measured by the amount of time the jury deliberated *in light of the nature of the case and of the evidence.* The jury in this case heard no more than two and one-half hours of testimony, all of which was presented by the State. The deliberation consumed approximately two hours and forty minutes, according to the appellant's calculations. The evidence against the appellant was substantial; two security officers testified that they observed the appellant with one foot in and one foot out of a plate glass window of a drugstore in Kilgore. The appellant fled and was apprehended immediately thereafter. A broken beer bottle was found among the broken glass scattered about inside the store. The appellant presented no evidence. No abuse of discretion has been shown as to the time of deliberation in-

volved. Compare O'Brien v. State, 455 S. W.2d 283 (Tex.Cr.App.1970).

 However, the appellant further challenges the correctness of the trial judge in inquiring only of the foreman as to whether or not there was any likelihood of a verdict being reached. We are in full agreement with the appellant on this point. A more detailed inquiry of the jury should have been made; we reassert the admonishment set forth in the Satterwhite v. State case, supra. We decline, however, to reverse the cause on this point; no request was made for such an inquiry nor any objection taken to the lack thereof.

■ Appellant further complains of the failure of the trial court to enter an order making findings of fact as to why the jury was discharged. See Grigsby v. State, 158 Tex.Cr.R. 484, 257 S.W.2d 110 (1953). However, the record before this Court does contain such an order by the trial judge, entered subsequent to the declaration of the mistrial. No error is shown.

■ The appellant also contends that he should have been granted a new trial because of certain remarks the trial judge conveyed to the jury in the first trial at the time they were discharged. The judge had informed the jury that the evidence presented them was sufficient to have found the appellant guilty; he thanked the jurors for their service, but told them it had been for naught.

Although the appellant states that such remarks were prejudicial to his rights, he does not show how such alleged prejudice infiltrated his second trial. A different judge presided at that subsequent trial. This ground of error is overruled.

■ Appellant's final contention is that the three day interval between the declaration of the mistrial and the beginning of the second trial was insufficient time in which to prepare a motion and arrange a hearing for a change of venue. Yet we are not told why this was not sufficient

time, or what would prevent the appellant from making such a motion when he had three days to prepare it. We cannot find an abuse of discretion in beginning the second trial three days later, when there is no evidence to support such an allegation.

The judgment is affirmed.