**Marvin J. WILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49249.**

Court of Criminal Appeals of Texas.

Jan. 22, 1975.

Rehearing Denied Feb. 12, 1975.

James W. Shoff, II, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lucien B. Campbell, Bill Harris, Don Clowe and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This appeal is taken from a conviction for robbery by assault with firearms with punishment enhanced under Article 64, Vernon's Ann.P.C. The punishment assessed was life.

Appellant's first complaint is the refusal of the trial court to grant his plea of double jeopardy after the first trial of the case was terminated when the court declared a mistrial.

The record of the first trial reflects that the testimony began at 2:25 P.M. on October 2, 1973 and terminated at 4:55 P.M. on that date. At 9:00 A.M. the following morning testimony resumed and was concluded at 9:25 A.M., a total of two hours and fifty-five minutes. The jury retired to deliberate at 10:30 A.M. and reported unable to reach a verdict at 4:38 P.M., a total elapsed time of six hours and eight minutes. When brought into court the foreman stated that the jury had stood seven to five on the last four ballots and that in his opinion the jury would be unable to reach a verdict by further deliberation. Although the court did not inquire further, the defendant did not request inquiry of other jurors and a mistrial was declared at 4:45 P.M. There was no objection by the appellant. On the second trial no charge on former jeopardy was requested by appellant.

■ In the light of these facts we cannot say that the court abused his discretion in declaring a mistrial. See Boone v. State, 506 S.W.2d 227 (Tex.Cr.App.1974); Brown v. State, 508 S.W.2d 91 (Tex.Cr. App.1974); Satterwhite v. State, 505 S. W.2d 870 (Tex.Cr.App.1974). We hold that the court did not commit error in denying appellant's plea of double jeopardy.

■ Appellant next complains of the failure of the court to suppress the fruits of the warrantless search of a container used for burning trash. The record reflects that appellant occupied a room with a girl, Sandra Durham, in an apartment house in San Antonio. On the occasion in question the officers were on the premises with the consent of the said Sandra Durham. The can in question was a fifty gallon oil drum with its top removed and was maintained across the driveway from the apartment building (but on the apartment premises) for the disposal of burnable trash and the contents were burned daily. The officers looked into the drum and among the ashes observed a partially burned billfold which was taken in the robbery for which the appellant was on trial. We hold that this billfold having been deposited for burning in a receptacle for that purpose was effectively abandoned by the appellant. It is well settled that a warrant is not required for the seizure of abandoned property. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); United States v. Gulledge, 469 F.2d 713 (5th Cir. 1972).

Appellant cites People v. Krivda, 5 Cal. 3d 357, 96 Cal.Rptr. 62, 486 P.2d 1262 (1971) holding one who places contraband in a trash barrel located on his own property for pickup by a rubbish collector is not deemed to have abandoned the contraband while it is still in his trash barrel. We feel that those facts can be distinguished from those involved in this appeal. The wallet was found in a steel drum used by all the tenants of the apartment for the

purpose of being burned, and the contents of the steel drum had, in fact, been subjected to the burning process. The fact that the fire did not completely destroy the billfold does not affect the abandonment of the billfold by the appellant. Krivda is in direct conflict with United States v. Dzialak, 441 F.2d 212 (2nd Cir. 1971) which held that material placed in a trash can for collection was effectively abandoned by the owner. This case involved trash belonging only to Dzialak, whereas, in the case before us, the burn can was used by all tenants in the apartment building. Additionally, the officers did not look into the burn can until *after* Sandra Durham, the appellant's co-tenant, had consented to the search of the apartment occupied by her and appellant. Under such circumstances, we hold that the motion to suppress the wallet was properly overruled. See Swift v. State, 509 S.W.2d 586 (Tex.Cr.App. 1974).

■ Appellant next complains of the failure of the court to suppress the envelope obtained from the waste basket in the one-room apartment jointly occupied by appellant and Sandra Durham. On the motion to suppress hearing the consent of Sandra Durham to the search was clearly established. In fact, she unlocked the door and invited the officers in. The trial court's action in denying this part of the motion was not error. See Swift v. State, supra.

■ Appellant next complains of the failure of the trial court to declare a mistrial when the prosecutor in his closing argument stated his opinion of appellant's guilt. This argument, though improper, was rendered harmless by the court's prompt instruction to the jury to disregard the remark by the prosecutor. Stiggers v. State, 506 S.W.2d 609, 613 (Tex.Cr.App. 1974).

■ Appellant's seventh ground contends that the trial court erred in denying appellant's requested charge on circumstan-

tial evidence. The appellant was identified by eyewitnesses as the man who committed the robbery. This is not a circumstantial evidence case. There is no merit to appellant's seventh ground of error.

Finally, appellant contends that the trial court erred in admitting the testimony of the witness Brookbank, whose name did not appear on the State's witness list furnished appellant prior to the first trial.

The record establishes that *after* the first trial the contents of the wallet of complainant found in the burn drum were placed in the district attorney's evidence vault and were inadvertently destroyed along with evidence in cases in which there had been a final disposition. Brookbank's testimony was elicited as a predicate for the introduction of photographs of these destroyed items. No error is shown.

The judgment is affirmed.

Opinion approved by the Court.