Roy Wayne BEEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 51061.

Court of Criminal Appeals of Texas.

Feb. 25, 1976.

Don R. Malone, Vernon, Samuel D. McDaniel, Austin, for appellant.

Bill Neal, Dist. Atty., Vernon, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for the offense of delivery of a controlled substance, to-wit: amphetamine. The trial court assessed punishment at five years in the Texas Department of Corrections.

The appellant contends that the trial court erred in denying the appellant's plea of former jeopardy based on the improper discharge of the jury during the appellant's second trial.

The record reflects that the appellant's first trial resulted in a mistrial during the jury selection. The appellant was then brought to trial on April 23, 1974. The case was submitted to the jury at about 2:30 p. m. on April 25, 1974, and a mistrial declared over objections of both parties at 4:30 p. m. on the same day. The trial judge declared a mistrial based on the failure of the jury to reach an agreement on the question of guilt or innocence. On May 14, 1974, the appellant was called to trial for the third time, after his plea of former jeopardy was overruled. The jury found the appellant guilty of the offense charged on May 16, 1974, and this appeal followed.

The record reflects that the initial vote of the jury at the second trial was six to six. The jury then apparently sent a note to the trial judge indicating that they wanted further instructions. The trial court instructed the jury to continue its deliberation. The next vote was eight to four although there is some discrepancy as to the time this vote was taken. The jury then deadlocked ten to two and so informed the trial judge. The trial judge questioned only the foreman about the jury's deliberations and declared a mistrial over the objections of both the state and the appellant.

Article 36.31, V.A.C.C.P., provides:

"After the cause is submitted to the jury, it may be discharged when it cannot agree and both parties consent to its discharge; or the court may in its discretion discharge it *where it has been kept together for such time as to render it altogether improbable that it can agree.*" (Emphasis added)

The rule is well settled that the exercise of discretion in declaring a mistrial is determined by the amount of time the jury deliberates considered in light of the nature of the case and the evidence. *Green v. State,* 167 Tex.Cr.R. 330, 320 S.W.2d 139 (1958); *Villarreal v. State,* 172 Tex.Cr.R. 213, 355 S.W.2d 516, cert. denied 371 U.S. 867, 83 S.Ct. 127, 9 L.Ed.2d 103 (1962); *Lindsey v. State,* 393 S.W.2d 906 (Tex.Cr. App.1965); *O'Brien v. State,* 455 S.W.2d 283 (Tex.Cr.App.1970).

The record before us indicates that the jury was out for only two hours, from 2:30 p. m. until 4:30 p. m. There was testimony at the hearing on appellant's plea of former jeopardy that the jury actually deliberated less than an hour and a half because of various breaks that were taken. It should be noted that the initial vote was, as indicated above, six to six. Then after further deliberation eight to four. After still further deliberation it was ten ·to two. Although the State argues that this was a simple case with only two witnesses for the State, the record indicates that it took from April 23 to April 25 to select the jury and present the case.

In view of the record we must conclude that the trial court did not keep the jury together for such a period of time as to render it altogether improbable that it could agree on a verdict. The trial judge abused his discretion in declaring a mistrial and should have sustained the appellant's plea of former jeopardy. See and compare, *Satterwhite v. State,* 505 S.W.2d 870 (Tex. Cr.App.1974); *Boone v. State,* 506 S.W.2d 227 (Tex.Cr.App.1974); and *Brown v. State,* 508 S.W.2d 91 (Tex.Cr.App.1974) with the facts of the instant case.

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the Court.