### Ex parte Max A. GUINTHER.

### No. 04–97–00996–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 14, 1998.

---

Jay Robert Brandon, Law Office of Jay Brandon, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., RICKHOFF and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

The State indicted Max Guinther on two counts of indecency with a child. Under the first count, Guinther was accused of indecency by engaging in sexual contact with a child. The second count charged Guinther with indecency with a child by exposure. A jury acquitted Guinther of indecency by exposure but could not reach a verdict on whether he committed indecency by sexual contact. Before this undecided charge could be retried,

Guinther filed an application for a writ of habeas corpus contending the State is collaterally estopped from litigating the issue of intent requisite to indecency by sexual contact because the same intent issue was determined in his favor in the previous trial. The trial court denied relief, and Guinther appeals. We affirm, holding the jury in Guinther's previous trial did not necessarily decide the intent issue requisite to indecency by sexual contact in his favor; therefore, collateral estoppel does not bar a second trial on the charge of indecency by sexual contact.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 1995, Erica, age eleven, and Leanne, age four, were dropped off at the Guinthers' house for several hours while their parents went out. Guinther's wife had agreed to babysit the children. During the evening, Guinther's wife and Erica stayed mainly in the living room area, while Guinther stayed in the bedroom. Several times during the evening, Leanne walked in and out of the bedroom. On one of these occasions, Guinther noticed Leanne unsuccessfully attempting to use an exercise machine. To demonstrate, Guinther climbed onto the machine and began using it. While he was using the machine, Guinther's genitals became exposed through a hole in the crotch of his jeans. Leanne noticed this and called Guinther's attention to it. Guinther placed his genitals back in his pants, began using the machine again, and again his genitals were exposed. Leanne again called this to Guinther's attention, and he again put his genitals back in his pants. This time, however, Guinther decided to stop using the exercise machine. According to Guinther, his genitals "protruded" and "came out" because of the pants he was wearing and the position in which he sat; he never intentionally exposed himself, and he never did so with the intent to arouse or gratify his sexual desire.

Later during the evening, Guinther went to the bathroom, leaving the door partially open, and began urinating. According to Leanne, Guinther asked her to "come on in" to the bathroom. When she did, Leanne testified, Guinther asked her to touch and squeeze his penis. Leanne testified she did as Guinther asked, and he subsequently secreted a white substance. Guinther, on the other hand, testified Leanne opened the door to the bathroom uninvited and without notice and, as soon as she opened the door, he immediately pushed her out of the bathroom and shut the door. Guinther also testified he never had sexual contact with Leanne with the intent to arouse or gratify his sexual desire.

■ The jury acquitted Guinther on the charge of indecency by exposure but failed to come to a decision on the charge of indecency by sexual contact. Before this charge could be retried, Guinther filed an application for a writ of habeas corpus contending the double jeopardy provisions in the United States and Texas Constitutions collaterally estop the State from litigating the intent issue requisite to indecency by sexual contact because it was decided in his favor in the previous trial.[1] The trial court granted Guinther's application but then denied relief.

### STANDARD OF REVIEW

■ We review the trial court's denial of habeas corpus relief under an abuse of discretion standard. *Ex parte Pitluk*, 940 S.W.2d 220, 221 (Tex.App.—San Antonio 1997, no pet.).

### DISCUSSION

Guinther argues he cannot be retried for indecency by contact because this charge requires the State to prove the same intent issue the jury decided in his favor when it acquitted him of indecency by exposure in the previous trial. We disagree.

---

1. Generally, an application for a writ of habeas corpus based on double jeopardy and filed before reprosecution has begun is not considered ripe. *Keith v. State*, 782 S.W.2d 861, 864 (Tex.Crim. App.1989). However, the threat of prosecution is sufficient to create a ripe claim of double jeopardy when a mistrial has been declared because the indictment remains intact. *See Ex parte Robinson*, 641 S.W.2d 552, 553–55 (Tex. Crim.App.1982); *see also* 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 47.52 (1995).

### Collateral Estoppel

■ Under the double jeopardy clauses of the United States and Texas Constitutions, the State may not put a person in jeopardy twice for the same offense. U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14. A corollary doctrine of double jeopardy is collateral estoppel, which does not forbid a second prosecution for the same crime but rather the relitigation of "certain facts in order to establish the fact of the crime." *United States v. Mock*, 604 F.2d 341, 341 (5th Cir.1979); *see Ex parte Tarver*, 725 S.W.2d 195, 197–98 (Tex.Crim.App.1986). Indeed, collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). This doctrine applies in criminal as well as civil cases. *Id.*

■ In criminal cases, we must apply the collateral estoppel doctrine with an eye toward "realism and rationality," and not with an exceedingly technical approach. *Id.* at 444, 90 S.Ct. 1189. Especially where a general verdict is returned, the verdict may not necessarily show that a certain issue has already been decided. Therefore, we cannot simply look at the judgment in one case to determine if an issue is foreclosed from consideration in a subsequent case. To do so would basically "amount to a rejection of the rule of collateral estoppel in criminal proceedings." *Id.* Instead, to determine "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration," we must go beyond the jury's verdict and the trial court's judgment and thoroughly examine the record, including the pleadings, jury charge, evidence, and other relevant material. *Id.; see Ladner v. State*, 780 S.W.2d 247, 254 (Tex.Crim.App.1989). Only if this reveals a rational jury must have based its opinion on the same issue that the defendant now seeks to foreclose from retrial will the doctrine of collateral estoppel preclude a second trial. *See Ashe*, 397 U.S. at 444, 90 S.Ct. 1189.

### Ashe Analysis

Guinther was charged with indecency with a child under section 21.11 of the Texas Penal Code. TEX. PEN.CODE ANN. § 21.11(a) (Vernon 1994). Under section 21.11, indecency with a child can be committed by exposure and by sexual contact. *See id.* The elements of the two means of committing the offense are as follows:

| Indecency by Exposure | Indecency by Contact |
|---|---|
| A person commits the offense of indecency with a child by exposure if: | A person commits the offense of indecency with a child by sexual contact if: |
| (1) with a child younger than 17 years and not his spouse | (1) with a child younger than 17 years and not his spouse |
| (2) whether the child is of the same or opposite sex | (2) whether the child is of the same or opposite sex |
| (3) (a) *he exposes his anus or any part of his genitals* | (3) (a) *he engages with the child in any touching of the anus, breast, or any part of the genitals* |
| (b) *with intent to arouse or gratify the sexual desire of any person;* | (b) *with intent to arouse or gratify the sexual desire of any person.* |
| (4) knowing the child is present. | |

TEX. PEN.CODE ANN. §§ 21.01(2), 21.11(a).

At Guinther's first trial, the undisputed evidence established Leanne was younger than 17 and was not married to Guinther at the time of the alleged offenses; Guinther

was aware of Leanne's presence both in the bedroom and in the bathroom; and Guinther's genitals were exposed to Leanne. Accordingly, as Guinther correctly points out, these elements are not available to explain the jury's finding Guinther "not guilty" of indecency by exposure. Guinther thus argues that the only issue upon which the jury could have based acquittal was the issue of specific intent. Guinther then argues that because both exposure and contact necessarily occurred, if at all, at the same time, the specific intent issue as determined in the exposure count is controlling in the sexual contact count. We disagree.

■ For the purpose of our analysis, we will assume the jury acquitted Guinther of indecency by exposure because it found he did not possess the requisite specific intent. However, indecency by exposure and by sexual contact are "nature of the conduct offenses"; therefore, the specific intent to arouse or gratify a person's sexual desire is inseparable from the conduct, and it is the commission of the act with the requisite mental state that renders the conduct criminal. *See Washington v. State*, 930 S.W.2d 695, 699 (Tex.App.—El Paso 1996, no writ); *see also Lugo–Lugo v. State*, 650 S.W.2d 72, 88 (Tex. Crim.App.1983) (Clinton, J., concurring). Consequently, even assuming the jury in the previous trial found the specific intent element of indecency by exposure in Guinther's favor, it does not preclude a finding that he simultaneously committed a prohibited act of sexual contact with the intent to arouse or gratify a person's sexual desire. The specific intent to arouse or gratify a person's sexual desire, no matter what the facts of the case, is a separate issue of fact when applied to two different types of conduct.

To support his argument to the contrary, Guinther relies upon *Johnson v. Estelle*, 506 F.2d 347 (5th Cir.), *cert. denied*, 422 U.S. 1024, 95 S.Ct. 2619, 45 L.Ed.2d 682 (1975), in which the Fifth Circuit held collateral estoppel barred the State from prosecuting Johnson for assault with intent to commit rape after a jury acquitted him of burglary with intent to commit rape based on the same incident. The Fifth Circuit reached this conclusion because it concluded the jury in John-

son's first trial must have found he was either not the man who burglarized and raped the complainant or he did not commit a burglary with the intent to rape her, and both issues were necessary to find Johnson guilty of assault with intent to commit rape; therefore, collateral estoppel barred relitigation of two of the elements necessary to convict Johnson of assault with intent to commit rape. *Id.* at 350. In reaching this conclusion, the Fifth Circuit rejected the State's argument that the jury in the first trial may have acquitted Johnson because it found his intent changed from the time he broke into the house to the time he assaulted the victim: no "rational jury, sua sponte, could have been moved to acquit [the] defendant on the grounds that his intention turned from robbery to rape in mid-flight from the threshold to [the victim]." *Id.* at 351.

The Fifth Circuit, like this court, approached its double jeopardy analysis by reviewing the pleadings, evidence, charge, and other relevant matters in Johnson's first trial to determine "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant [sought] to foreclose from consideration." *Id.* at 349 (citing *Ashe*, 397 U.S. at 444, 90 S.Ct. 1189). However, the Fifth Circuit did not confront a jury verdict that acquitted Johnson of only one of two different means by which he was alleged to have committed the charged offense. Nor was the Fifth Circuit favored with a record of the first trial; it was instead forced to rely on stipulations, and it was these stipulations that led the court to conclude "[t]he State's suggested bases for acquittal in the first trial are nothing more than the sheerest speculation." *Id.* at 350. In rejecting the State's "changed intent" argument, therefore, the court stated there was "not a speck of factual foundation" to support the State's argument "that the jury may have believed that Johnson entered the [complainant's] house with another purpose, such as burglary, but that, casting his eyes on this eighty-two year old woman he was suddenly overcome with a passion which caused him to change his intention." *Id.* at 351.

In this case, unlike *Johnson*, Guinther was charged with two means of committing the

offense of indecency with a child—indecency by exposure and indecency by sexual contact—and each of these means of committing the offense involves its own specific intent requirements. Moreover, unlike *Johnson,* the record here includes the record in the first trial, and it establishes a rational jury could have believed Guinther's testimony that he did not have the requisite specific intent relative to the exposure charge but still have found he committed indecency by sexual contact with the requisite specific intent. For both reasons, *Johnson* does not mandate a conclusion that collateral estoppel bars the State from retrying Guinther on the charge of indecency by sexual contact.

### CONCLUSION

After reviewing the pleadings, jury charge, and evidence in Guinther's first trial, we hold the trial court did not abuse its discretion in denying relief. The jury in Guinther's first trial did not necessarily decide he did not commit sexual contact with the intent to arouse or gratify the sexual desire of a person; instead, the jury at most decided Guinther did not at the same moment in time also commit a prohibited act of exposure with the same intent. Because this finding is not required to establish indecency by sexual contact, the judgment of acquittal arising out of Guinther's first trial does not collaterally estop the State from retrying Guinther for indecency with a child by sexual contact. We therefore affirm the trial court's order.