**Amir HUSAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–04–00420–CR.

Court of Appeals of Texas, San Antonio.

Feb. 23, 2005.

Discretionary Review Refused May 22, 2005.

Phillip R. Spicer, Jr., Robert H. Featherston, Taylor & Correa, P.C., San Antonio, for appellant.

Enrico B. Valdez, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the denial of habeas corpus relief. Defendant was charged and tried under a two-count indictment with criminal solicitation of an individual whom he believed to be younger than seventeen years of age. The jury returned a not guilty verdict on the first count, and was unable to reach a verdict on the second count. The trial court accepted the verdict and announced a mistrial on the second count. The State intends to retry defendant on the second count, and defendant argues that retrial is barred by double jeopardy and by the doctrine of collateral estoppel.

### DOUBLE JEOPARDY

In his first five issues, defendant asserts double jeopardy bars his retrial because no "manifest necessity" existed for a mistrial and the jury should have been allowed more time to deliberate.

Jeopardy attaches when a jury is impaneled and sworn. *See Ex parte Little,* 887 S.W.2d 62, 64 (Tex.Crim.App.1994). Generally, the prohibition against double jeopardy will prevent a retrial if the defendant is placed in jeopardy and the jury is discharged without the defendant's consent. *See Little,* 887 S.W.2d at 65; *Alvarez v. State,* 864 S.W.2d 64, 65 (Tex.Crim. App.1993). An exception to this rule exists when the mistrial is based on "manifest necessity." *Brown v. State,* 907 S.W.2d 835, 839 (Tex.Crim.App.1995); *Little,* 887 S.W.2d at 65; *Alvarez,* 864 S.W.2d at 65. This exception also applies when a mistrial is granted because the jury is unable to reach a verdict after considerable deliberation. *Brown,* 907 S.W.2d at 839; *see also Ex parte McAfee,* 761 S.W.2d 771, 773 n. 2 (Tex.Crim.App.1988). Accordingly, where manifest necessity exists to declare a mistrial, the constitutional prohibition against double jeopardy is not implicated. *Little,* 887 S.W.2d at 65.

A court may discharge a jury "where it has been kept together for such time as to render it altogether improbable that it can agree." TEX.CODE CRIM. PROC. ANN. art. 36.31 (Vernon 1981). The length of time a jury deliberates is within the trial court's discretion. *DeLuna v. State,* 711 S.W.2d 44, 48 (Tex.Crim.App.1986). In evaluating the court's exercise of its discretion in declaring a mistrial, the length of time the jury deliberates must be considered in light of the nature of the case and the evidence. *Patterson v. State,* 598 S.W.2d 265, 268 (Tex.Crim.App.1980). The trial court's communications with the jurors are also significant in evaluating the court's exercise of discretion. *Woodson v.* *State,* 777 S.W.2d 525, 527 (Tex.App.-Corpus Christi 1989, pet. ref'd). However, a trial court must consider and rule out less drastic measures before declaring a mistrial. *Brown,* 907 S.W.2d at 839. If a trial court declares a mistrial despite available less drastic measures, there is no manifest necessity and we will find an abuse of discretion. *Id.*

During the trial of this case, the State called four witnesses, all of whom testified from January 14th through January 15th. The defense called two witnesses, all of whom testified from January 15th through January 16th. On January 16th, the defense also recalled one of the State's witnesses, and called witnesses to testify on a bill of review. The State offered no rebuttal, and both sides made their closing arguments.

Jury deliberations began on Tuesday, January 20th at 10:38 a.m.[2] On January 20th, the jury sent out its first note, which stated, "We need you to determine Count I and Count II for us to understand the charges he pled." The judge responded, "Please refer to the charge." The jury returned to deliberate, but later sent out its second note, which stated, "On page two, paragraph four, it states that aggravated sexual assault is younger than 14 years of age. But yet, page six, section eight, it states that aggravated sexual assault is 17 and under. Which is correct? Can we have [sic] transcript for witnesses for prosecution and defense witnesses?" The court called the jury into the courtroom and answered both questions. As to the first question, the court stated it could not answer without commenting on the evidence. As to the second question, the

**2.** In their briefs, the State and defendant both state that jury deliberations began on Monday, January 19, 2004. This date was Martin Luther King Day, a holiday in Bexar County. The reporter's record indicates closing arguments were made and the jury began its deliberations on Tuesday, January 20, 2004. The trial court docket indicates jury deliberations began January 20th.

court explained that a jury may not generally ask for any witness testimony; instead, if the jury disagreed on what a particular witness said, then that portion of the testimony would be read to the jury. The jury returned to its deliberations.

Later that same day, the jury sent out a third and fourth note, asking for the testimony of a particular witness and asking if indecency with a child was a felony. The court called the jury into the courtroom, and again explained it must disagree on a witness's testimony before the testimony would be read. The court also told the jury that it must concern itself only with whether the State had proven its case. The jury returned to its deliberations, but subsequently sent out a fifth note. This note asked for a copy of a defense exhibit, and the court informed the jury it could not receive copies and it had all the evidence. The jury was then excused for the day.

■■■ On January 21st, the jury resumed deliberations. Eventually, a sixth note was sent out, this one explaining that the jury had a verdict on the first count but was deadlocked on the second count. The court told the jury to continue deliberating. When the seventh note was sent out, again stating the jury was deadlocked on the second count, the court gave the jury a supplemental *Allen* charge.[3] That afternoon, in its eighth note, the jury informed the court it remained deadlocked on the second count. After defense counsel objected to any mistrial, the court asked the jury to continue its deliberations. Finally, late that afternoon, the jury again informed the court of its continued deadlock. After noting the jury had spent over sixteen hours deliberating, the court informed the State and defense it would declare a mistrial. Defense counsel objected. The court called the jury into the courtroom, and asked if there was any hope of reaching a verdict. The foreperson responded, "At this point, the more we go on, the worse it gets." The court declared a mistrial.

Defendant asserts the trial court abused its discretion in declaring a mistrial on several grounds. Defendant contends the statute under which he was charged is "unique" because (1) the statute makes it an offense to solicit a minor to commit an act that is illegal under a different criminal statute; (2) it is illegal to solicit an adult if a defendant "thinks" he is soliciting a minor; and (3) the statute refers to minors as those under the age of seventeen, while certain of the incorporated offenses refer to minors as those under the age of fourteen. He asserts the evidence was complex because it involved instant messaging on computers, which defendant contends may be difficult to understand by jurors who are not computer literate. Finally, defendant asserts the charge was complicated and difficult for the jury to understand because the jury sent out several notes raising questions about the charge. Defendant argues that allowing the jury "another day or so" of deliberations was not unreasonable under these circumstances, and the jury should have been allowed more time to deliberate, despite its statement to the court that it could not reach a verdict. Because the jury was not allowed additional time, defendant asserts the jury was not "kept together for such time as to render it altogether improbable that it can agree" on a verdict.

---

3. An *Allen* charge is a supplemental charge given to a deadlocked jury that directs the jurors to examine the submitted questions with candor and decide the case if the jurors can conscientiously do so. *Allen v. United States,* 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

We disagree with defendant's assessment of the record. Over the course of a two and one-half day trial, only six witnesses testified, one of which was an expert, and few exhibits were admitted. The jury deliberated approximately sixteen hours. Although the trial court did not explicitly state its reasons for declaring a mistrial, it is obvious the court considered the only available less drastic alternative, which was to allow the jury more time to deliberate. After the sixth note was sent out stating for the first time that the jury could not reach a verdict on the second count, the court began to prepare the *Allen* charge. When the seventh note again announced the deadlock, the court read the *Allen* charge and told the foreperson to let the court know "if there's movement, no movement, this helps, it doesn't help . . . ." After the jury returned to deliberations, the court decided, with the parties' agreement, to give the jurors the option of having lunch with the hope that not talking about the case for a period of time would help. After lunch, when the jury notified the court it was still deadlocked, the court told the parties it was inclined to grant a mistrial "because they haven't moved."

Based on our review of the record, we conclude the trial court did not abuse its discretion in declaring a mistrial and, therefore, defendant's double jeopardy rights were not violated.

### COLLATERAL ESTOPPEL

In his sixth through eighth issues, defendant asserts a retrial on the second count against him is barred by the doctrine of collateral estoppel.

The doctrine of collateral estoppel is embodied within the constitutional bar against double jeopardy. *Ex parte Watkins*, 73 S.W.3d 264, 267 (Tex.Crim. App.2002). However, double jeopardy and collateral estoppel are not identical doctrines. *Id.* Double jeopardy bars retrial of a criminal offense, while collateral estoppel bars retrial of specific and discrete facts that have been fully and fairly adjudicated. *Id.* Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ex parte Taylor*, 101 S.W.3d 434, 440 (Tex.Crim.App.2002) (quoting *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). To determine whether collateral estoppel bars a subsequent prosecution (or permits prosecution but bars relitigation of certain specific facts), the court must ascertain: (1) exactly what facts were "necessarily decided" in the first trial; and (2) whether those "necessarily decided" facts constitute essential elements of the offense in the second trial. *Taylor*, 101 S.W.3d at 440. "Thus, issue preclusion 'is limited to cases where the legal and factual situations are identical.'" *Id.* at 441.

A general verdict may not show that a certain legal or factual issue was decided. *Ex parte Guinther*, 982 S.W.2d 506, 509 (Tex.App.-San Antonio 1998, no pet.). Therefore, we cannot simply look at the judgment in one case to determine if an issue is foreclosed from consideration in a subsequent case. *Id.* Instead, we must determine whether a rational jury could have grounded its verdict on an issue other than that which the defendant seeks to foreclose from consideration. *Id.* To accomplish this, we must go beyond the jury's verdict and the trial court's judgment and thoroughly examine the record, including the pleadings, jury charge, evidence, and other relevant material. *State v. Sauceda*, 980 S.W.2d 642, 647 (Tex.Crim.App.1998); *see Taylor*, 101 S.W.3d at 441–42; *Guinther*, 982 S.W.2d at

509. If this review reveals a rational jury must have based its opinion on the same issue the defendant now seeks to foreclose from retrial, then the doctrine of collateral estoppel precludes a second trial. *Guinther*, 982 S.W.2d at 509. "Generally, then, the scope of the facts that were actually litigated determines the scope of the factual finding covered by collateral estoppel." *Taylor*, 101 S.W.3d at 442. The "mere possibility that a fact *may* have been determined in a prior trial is insufficient to bar relitigation of that same fact in a second trial." *Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex.Crim.App.2002)(emphasis in original).

■ To prove the essential elements of criminal solicitation of a minor, the State must prove, first, that defendant acted with an intent that a specific offense be committed; and second, that defendant requested, commanded, or attempted to induce an individual whom he believed to be younger than seventeen years of age to engage in specific conduct, that under the circumstances surrounding his conduct, as he believed them to be, would have constituted that offense. *See* TEX. PEN.CODE ANN. § 15.031(a), (b) (Vernon 2003). The specific offenses the State was required to establish in this case were aggravated sexual assault by sexual intercourse (count one, paragraph one), aggravated sexual assault by oral sex (count one, paragraph two), and indecency with a child by sexual contact with intent to arouse or gratify the sexual desire of any person (count two). *See* TEX. PEN.CODE ANN. §§ 22.021(a) ("Aggravated Sexual Assault"); 21.11 ("Indecency With a Child").

The jury charge defined sexual assault of a child, aggravated sexual assault of a child,[4] indecency with a child, and sexual contact. The charge explained when an individual acts with intent and when an individual acts knowingly or with knowledge. The jury received separate instructions with respect to each count of the indictment and the verdict forms asked the jury to determine defendant's guilt on each separate count. On the first count, the jury was instructed that it should "find the defendant guilty of criminal solicitation of a minor as charged in Count I" if it found beyond a reasonable doubt that defendant "with intent that aggravated sexual assault be committed, requested, commanded, or attempted to induce Mary ... whom [defendant] believed to be younger than 17 years of age, to engage in specific conduct, to wit: sexual intercourse, that under the circumstances surrounding the conduct of [defendant], as [he], believed them to be, would have constituted aggravated sexual assault...." On the second count, the jury was instructed that it should "find the defendant guilty of criminal solicitation of a minor as charged in Count II" if it found beyond a reasonable doubt that defendant "with intent that indecency with a child be committed, requested, commanded, or attempted to induce Mary ... whom [defendant] believed to be younger than 17 years of age, to engage in specific conduct, to wit: engage in sexual contact with intent to arouse or gratify the sexual desire of any person, that under the circumstances surrounding the conduct of [defendant], as [he], believed them to be, would have constituted the offense of indecency with a child...."

The record does not contain a transcript of voir dire or closing arguments. In opening statements, defense counsel insisted defendant never intended to have sex with a child. The record indicates some

---

4. The jury was informed that "[a] person commits the offense of aggravated sexual assault of a child if the person commits sexual assault of a child ... and the victim is younger than 14 years of age." *See* TEX. PEN.CODE ANN. § 22.021(a)(2)(B) (Vernon 2003).

confusion on the jury's part over the two age requirements in the charge. In one note, the jury asked, "On page two, paragraph four, it states that aggravated sexual assault is younger than 14 years of age. But yet, page six, section eight, it states that aggravated sexual assault is 17 and under. Which is correct?" In another note, the jury asked if indecency with a child was a felony.

At trial, defendant did not deny he corresponded with and spoke to a person who identified herself as "Mary." The State introduced evidence of an online chat between defendant and "Mary" in which defendant discussed kissing her everywhere from her "lips to [her] boobs and down to [her] legs." He said he would then undress her and kiss her everywhere. Defendant discussed sexual and oral intercourse with "Mary." Defendant did not deny his participation in the online chat and he admitted his intention was to have sex with "Mary." Although she identified herself as a thirteen-year-old, defendant insisted he believed "Mary" was an adult woman role-playing as a young girl, and he played along with the game because he wanted to meet her and have sex with her.

Based on his admission that he wanted to have sex with "Mary," defendant argues that the jury was required to determine only a single ultimate fact—whether he solicited an individual whom he believed to be younger than seventeen years of age—and implicit in the jury's acquittal is the conclusion that he did not attempt such a solicitation for any purpose. Defendant relies on *Taylor* for his argument that because there was only a single solicitation of a minor and the facts dictated an acquittal on the charge of criminal solicitation in his first trial, the State is collaterally estopped from using the same facts in a second attempt to obtain a conviction in a second trial.

The issue before the *Taylor* Court was the scope of the factual finding the jury made when it acquitted the appellant of intoxication manslaughter. 101 S.W.3d at 436. The State, assuming the first jury concluded that appellant was not intoxicated because of alcohol, argued that this finding did not preclude it from prosecuting appellant for the death of a second accident victim, when the State alleged intoxication by alcohol and marijuana or by marijuana alone. The Court of Criminal Appeals disagreed, stating, "The *source* of appellant's intoxication was not a disputed issue in the first trial. It was only the more general issue of intoxication [sic] was he or wasn't he that was disputed, and upon this issue, the appellant prevailed. Had appellant's defense been one of conceding the *fact of* intoxication, but contesting the *manner* in which he became intoxicated, the situation would, of course, be different. . . . Thus, considering the question in a practical, common-sense manner, it is evident that there is no reasonable possibility that the jury in the first trial could have decided, based upon this evidence, that appellant was intoxicated but not because of alcohol." *Id.* at 443 (emphasis in original).

■ Defendant contends his case is similar to *Taylor* because the contested issue in his first trial was whether he solicited a minor to commit a sexual act, and whether the act was intercourse, oral sex, or sexual contact was not a disputed issue. We agree with defendant that his intention to have sexual intercourse, oral sex, or sexual contact with "Mary" were not disputed issues, and that the age he believed "Mary" to be was a disputed issue. However, we disagree with defendant that the age he believed "Mary" to be was relevant only to the jury's determination of whether he solicited her to commit an offense. In this case, the jury had to

determine defendant's belief as to "Mary's" age on two issues: whether she was younger than fourteen and whether she was younger than seventeen. In other words, to convict under the first count, the jury was required to find that defendant (1) intended to engage in sexual intercourse or oral sex with a minor younger than *fourteen* years of age, and (2) requested, commanded, or attempted to induce someone he believed to be younger than seventeen years of age to engage in sexual intercourse or oral sex. However, to convict under the second count, the jury was required to find that defendant (1) intended to engage in sexual contact with a child younger than *seventeen* years of age with intent to arouse or gratify the sexual desire of any person, and (2) requested, commanded, or attempted to induce someone he believed to be younger than *seventeen* years of age to engage in sexual contact with a child.

The jury's acquittal on the first count may have been based on its finding that defendant did not intend to "cause the penetration of the female sexual organ of a child" younger than fourteen years of age. Or, as defendant argues, the jury's acquittal on the first count may have been based on its finding that defendant did not request, command, or attempt to induce someone he believed to be younger than seventeen years of age. Thus, we cannot conclude the jury *necessarily* grounded its verdict upon the finding defendant now seeks to foreclose from retrial. *Ladner v. State,* 780 S.W.2d 247, 254 (Tex.Crim.App. 1989). Because a fact issue not crucial to the second trial may have been the foundation of the acquittal in the first trial, an ultimate fact essential to the second count was not "necessarily determined." *Id.* Therefore, collateral estoppel does not bar defendant's second trial.

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's order.