In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00073-CR
______________________________


LARON DEWAYNE WOODS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 399th Judicial District Court
Bexar County, Texas
Trial Court No. 2004-CR-0405


                                                 


Before Morriss, C.J., Carter and Cornelius,* JJ.
Memorandum Opinion by Justice Cornelius

________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION

            Laron Dewayne Woods was charged with aggravated robbery with use of a deadly weapon. 
A jury convicted Woods and set his punishment at forty-five years' confinement.
            Woods raises a single issue on appeal. He contends the trial court should have either
dismissed his case or granted him a new trial because the State failed to disclose impeachment
evidence relating to a State witness, in violation of the United States Constitution's guarantee of due
process. We overrule this contention and affirm the judgment.
            One of the State's witnesses was Ms. Leslie Sullivan. She testified that Woods was her best
friend, her ex-boyfriend, and the father of one of her children, a boy named Lazarus. Among other
things, Sullivan identified Woods as being the robber shown in a videotape of the robbery. After the
jury found Woods guilty, Sullivan, in a discussion with the court and counsel about scheduling the
punishment stage of the trial, revealed that her four children (three of whom had fathers other than
Woods), were in custody of Child Protective Services (CPS), and she needed to attend a hearing
regarding their custody on a day that was being considered for holding the punishment stage of the
trial. When Sullivan revealed this information, Woods' counsel orally moved for a new trial on the
ground that this was evidence that could be used to impeach Sullivan's credibility on her
identification of Woods and that the prosecution had known of that evidence for several days but had
not disclosed it to the defense. Later, Woods' counsel made a written motion to dismiss, in which
he asked for a mistrial. After considerable discussion among counsel and the court, and testimony
at the punishment stage of the trial where Sullivan testified fully on direct and cross-examination
about the children's custody, the trial court overruled Woods' requests for a new trial.
            We review the trial court's action in denying a new trial under an abuse of discretion
standard. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004); Beeman v. State, 533
S.W.2d 799, 801 (Tex. Crim. App. 1976); State v. Lyons, 785 S.W.2d 946, 948 (Tex. App.—Fort
Worth 1990), rev'd on other grounds, 812 S.W.2d 336 (Tex. Crim. App. 1991). In doing so, we
decide whether the trial court's decision is arbitrary or unreasonable. We view the evidence in the
light most favorable to the trial court's ruling. An abuse of discretion is shown only if no reasonable
view of the record could support the trial court's ruling.
            It is reversible error for the prosecution to fail to disclose evidence, whether exculpatory or
impeaching, if
            1.         The State knowingly failed to disclose it, regardless of the prosecution's good or bad
faith, and
            2.         The undisclosed evidence is favorable to the defendant, and
            3.         The undisclosed evidence is material, that is, there is a reasonable probability that,
had the evidence been disclosed, the outcome of the trial would have been different.
United States v. Bagley, 473 U.S. 667 (1985); Brady v. Maryland, 373 U.S. 83 (1963); Harm v.
State, 183 S.W.3d 403 (Tex. Crim. App. 2006); Hampton v. State, 86 S.W.3d 603, 612 (Tex. Crim.
App. 2002).
            The mere possibility that an item of undisclosed information might have helped the defense,
or might have affected the outcome of the trial, does not establish "materiality" in the constitutional
sense. Under Brady and Bagley, the defendant bears the burden of showing that, in light of all the
evidence, it is reasonably probable that the outcome of the trial would have been different had the
prosecution made a timely disclosure. Hampton v. State, 86 S.W.3d at 612; Hafdahl v. State, 805
S.W.2d 396 (Tex. Crim. App. 1990).
            We find that Woods wholly failed to carry his burden to demonstrate that evidence of
Sullivan's children being in CPS's custody was in any way favorable to Woods or material for the
purpose of impeaching Sullivan's testimony. Woods contends the fact that Sullivan's children were
in CPS custody might have influenced her to try to please the prosecution by giving favorable
identification testimony, but in her testimony at the punishment stage of the trial, Sullivan denied
any connection between CPS's custody of her children and her testimony, and there is no evidence
indicating there was any connection. The mere fact that Sullivan's children were in CPS custody
raised no inference that Sullivan would falsify or color her testimony to try to please the prosecution.
            We conclude that the failure to disclose the custody evidence had no effect on the outcome
of the trial and was therefore not material in the constitutional sense. We agree with the State that
the evidence of Woods' guilt is overwhelming. Woods confessed to the offense, and his confession
was admitted into evidence before the jury. Woods' confession also implicated himself in numerous
other armed robberies in the area where the one on trial occurred, and he had a long history of other
criminal offenses. A videotape showing the commission of the robbery was introduced in evidence,
and Sullivan, both pretrial and at trial, identified Woods as the person shown in the videotape as
committing the robbery he confessed to committing. Woods' counsel had every opportunity to, and
did cross-examine Sullivan when she testified at the punishment stage about the custody issue, and
nothing was elicited that in any way indicated Sullivan had tried to give favorable testimony in order
to gain favor with the State. In view of all this evidence, it is clear that the mere delay in disclosing
the fact that Sullivan's children were in CPS custody had no effect on the outcome of the trial.
            The trial court heard extensive statements from both counsel on this issue as well as
testimony, both direct and cross, from Sullivan. The trial court's implied findings support a
conclusion that the evidence about custody was not favorable to Woods, and had it been disclosed
earlier, would not have caused a different outcome. From a de novo review as well as a discretionary
review, we find the trial court did not abuse its discretion in denying Woods' requests for a new trial.
            For the reasons stated, we affirm the judgment.

 

                                                                        William J. Cornelius
                                                                        Justice*

*Chief Justice, Retired, Sitting by Assignment
 
Date Submitted:          March 9, 2006
Date Decided:             April 6, 2006

Do Not Publish