Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00332-CR

**EX PARTE** Mary Lou **GARZA**

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 07-07-09768-CR
Honorable Richard C. Terrell, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:   August 31, 2009

AFFIRMED

Mary Lou Garza, a Starr County elections office employee, was tried for the unlawful delivery of "a [voter] registration certificate to a person other than the applicant or the applicant's agent." *See* TEX. ELEC. CODE ANN. § 13.145 (Vernon 2003). After the jury failed to reach a verdict, the trial court declared a mistrial and, just before Garza's retrial, denied her application for a writ of habeas corpus. Because the trial court did not abuse its discretion in determining there was "manifest necessity" to declare a mistrial, Garza's previous prosecution does not bar her retrial. Thus, we affirm the order of the trial court.

**BACKGROUND**

On May 6, 2008, Mary Lou Garza was tried by a jury for the offense of unlawful delivery of a voter registration certificate. *See* TEX. ELEC. CODE ANN. § 13.145 (Vernon 2003). The evidentiary part of Garza's trial lasted about six hours. The State presented six witnesses for the prosecution; the defense presented four witnesses. There was no expert testimony, and neither side admitted any exhibits into evidence. The jury charge contained only the elements of a single offense: Unlawful Delivery of Registration Certificate. The charge did not require the jury to consider any affirmative defenses, lesser included offenses, or novel issues. After deliberating for about one and one-half hours, the jury sent a note to the court indicating the jury was split evenly: six for guilty, six for not guilty, and asked "What's next step?" The court instructed the jury to continue deliberating, which the jury did for approximately thirty minutes. The jury's second note indicated one juror had changed position: five jurors for guilty and seven for not guilty. The second note also gave the jurors' reasons for their positions: "Guilty—party say there is enough evidence to convict. Not guilty—party say there was a poor investigation on the State's part. Not [sic] physical evidence presented to we the jurors to make a solid guilty conviction." The court told counsel the case "might be at the mistrial stage," and Garza's counsel remarked: "Realistically, we're not going to have any movement." Nevertheless, the court again instructed the jury to continue deliberating. After approximately one more hour of deliberation, the jury sent a third note stating: "Judge[:] Deliberation has not changed." Upon receiving the third note, the trial court advised the parties that the jury appeared to be "hopelessly deadlocked" and, over Garza's objection, declared a mistrial. Garza did not ask the trial court to poll the jurors about the deadlock and did not object to the trial court's failure to do so.

When the State sought to retry Garza, she filed an application for writ of habeas corpus based on double jeopardy. Garza asserted there was no manifest necessity to declare a mistrial because, *inter alia*, the trial court could have instructed the jurors to continue deliberating. The trial court denied Garza's application and prepared for her retrial. On June 5, 2009, this court ordered Garza's retrial stayed pending this appeal. In her sole issue on appeal, Garza asserts the trial court abused its discretion by denying her application because her retrial is barred by the constitutional protection against double jeopardy.

### STANDARD OF REVIEW

When a trial court determines that a mistrial was necessary because the jury could not reach a verdict, we review that determination for an abuse of discretion. *See Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995); *Husain v. State*, 161 S.W.3d 642, 645 (Tex. App.—San Antonio 2005, pet. ref'd). "The rule is well settled that the exercise of discretion in declaring a mistrial is determined by the amount of time the jury deliberates considered in light of the nature of the case and the evidence." *Patterson v. State*, 598 S.W.2d 265, 268 (Tex. Crim. App. [Panel Op.] 1980) (citing *Beeman v. State*, 533 S.W.2d 799, 800 (Tex. Crim. App. 1976)); *Husain*, 161 S.W.3d at 645. The reviewing court considers "'the type and complexity of the evidence, whether expert testimony is involved, the number of witnesses, the number of exhibits . . . , the complexity of the charge, whether the jury [. . .] moved towards agreement during the period of deliberation, and the nature and extent of communication from the jury.'" *Torres v. State*, 961 S.W.2d 391, 393 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (first alteration in original) (quoting *Galvan v. State*, 869 S.W.2d 526, 528 (Tex. App.—Corpus Christi 1993, pet. ref'd)).

**ANALYSIS**

In a jury trial, "[j]eopardy attaches when [the] jury is impaneled and sworn." *Brown*, 907 S.W.2d at 839; *Husain*, 161 S.W.3d at 645. Generally, once a "defendant is placed in jeopardy, [if] the jury is discharged without reaching a verdict, double jeopardy will bar retrial." *Brown*, 907 S.W.3d at 839. However, "where manifest necessity exists to declare a mistrial," the defendant may be retried. *Id.* (citing *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982)). Manifest necessity may exist "where a jury is unable to arrive at a verdict after considerable deliberation." *See id.* (citing *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 579–80 (1824)); *cf.* TEX. CODE CRIM. PROC. ANN. art. 36.31 (Vernon 2006) ("[T]he court may . . . discharge [the jury] where it has been kept together for such time as to render it altogether improbable that it can agree.").

On the other hand, there is no manifest necessity to order a mistrial if the court fails to exercise a less drastic alternative. *Brown*, 907 S.W.2d at 839; *Husain*, 161 S.W.3d at 645. When a jury advises the court that it is at an impasse, the court's instruction to continue deliberating is an available, less drastic alternative to declaring a mistrial. *Husain*, 161 S.W.3d at 647 ("[T]he only available less drastic alternative . . . was to allow the jury more time to deliberate."); *Torres v. State*, 961 S.W.2d 391, 394 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) ("[T]he trial court did take a less drastic alternative before declaring a mistrial when the jurors were instructed to continue deliberating after they initially announced they were hung.").

The trial court has discretion to determine the length of time the jury deliberates. *Guidry v. State*, 9 S.W.3d 133, 155 (Tex. Crim. App. 1999); *Husain*, 161 S.W.3d at 645. When reviewing a trial court's exercise of its discretion, an appellate court considers numerous factors including the amount of testimony, the trial court's communications with the jurors, and the length of jury deliberation. *Husain*, 161 S.W.3d at 646–47; *Galvan*, 869 S.W.2d at 528. If the

trial court keeps a split jury deliberating until it is "altogether improbable that [the jurors] can agree," the trial court may discharge the jury even over a party's objection. *See* TEX. CODE CRIM. PROC. ANN. art. 36.31 (Vernon 2006); *accord Galvan*, 869 S.W.2d at 528. Before declaring a mistrial because it is altogether improbable that the jury can reach a decision, the trial court should poll the jurors as to whether they could reach a decision if they continued deliberating. *Boone v. State*, 506 S.W.2d 227, 229 (Tex. Crim. App. 1974); *see Willis v. State*, 518 S.W.2d 247, 248–49 (Tex. Crim. App. 1975). However, if the defendant does not ask for the jury poll or object to the trial court's failure to poll, the court's error does not warrant reversal. *Boone*, 506 S.W.2d at 229; *see Willis*, 518 S.W.2d at 248–49.

Jeopardy attached to Mary Lou Garza when the jury was sworn, but she may be retried if there was manifest necessity to declare a mistrial. *See Brown*, 907 S.W.2d at 839; *Husain*, 161 S.W.3d at 645. The jury deliberated for approximately three and one-half hours on a single, non-complex charge with no novel issues, yet only one juror changed position in the first two deliberation periods, and none changed position in the last hour of deliberations. Having reviewed the circumstances of the case including "the amount of time the jury deliberate[d] considered in light of the nature of the case and the evidence," and noting the trial court's exercise of less drastic alternatives to mistrial, we cannot say the trial court abused its discretion in deciding that there was a manifest necessity to declare a mistrial because the jury was unable to reach a verdict. *See Patterson*, 598 S.W.2d at 268; *Husain*, 161 S.W.3d at 647.

## CONCLUSION

In Mary Lou Garza's trial for unlawful delivery of a voter registration certificate, the court acted within its discretion in declaring a mistrial. Therefore, Garza's retrial is not barred by double jeopardy protections, and the trial court did not err when it denied Garza the relief she

requested in her application for writ of habeas corpus.  Accordingly, we affirm the order of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH