

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00209-CR

KYLE ANDREW BUTLER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27382

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

A Lamar County jury convicted Kyle Andrew Butler of aggravated sexual assault of a child younger than fourteen, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). As a result, Butler was sentenced to thirty years' imprisonment and was ordered to pay $1,833.75 in court costs, including $1,224.75 for his court-appointed attorney.

On appeal, Butler argues that a mistrial based on juror deadlock was improperly declared in a prior trial of this case. He also argues that the judgment must be modified to reflect the correct statute of offense and by deleting the assessment of attorney fees for his court-appointed attorney because he is indigent.

We find no abuse of discretion in the trial court's decision to declare a mistrial in the previous trial of this case. We also conclude that the judgment contains the correct statute of offense. However, we sustain Butler's last point of error and modify the trial court's judgment and the clerk's bill of costs to delete the assessment of attorney fees. As modified, we affirm the trial court's judgment.

I.    **There Was No Abuse of Discretion in Declaring a Mistrial Based on Juror Deadlock**

This case was consolidated for trial with companion cause number 06-19-00210-CR, in which Butler also appeals two convictions of indecency with a child. Butler's prior trial of all consolidated charges resulted in jury deadlock and a declaration of mistrial. In his first point of error on appeal, Butler argues that the trial court abused its discretion in determining that it was improbable that the jury would agree on a verdict. We disagree.

2

## A.    Standard of Review

"We review a trial court's ruling on a motion for mistrial for an abuse of discretion." *Smith v. State*, 314 S.W.3d 576, 587 (Tex. App.—Texarkana 2010, no pet.); *see Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "We will uphold a trial court's ruling if it was within the zone of reasonable disagreement." *Smith*, 314 S.W.3d at 587; *see Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)).

"Under our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).[1]    The Texas Code of Criminal Procedure provides that a jury "may be discharged when it cannot agree and both parties consent to its discharge; or the court may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree." TEX. CODE CRIM. PROC. ANN. art. 36.31.  It is within the trial court's discretion to determine the amount of time that the jury may be held for deliberation.  *See Green v. State*, 840 S.W.2d 394, 407 (Tex. Crim. App. 1992), *abrogated on other grounds by Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999) (citing *Montoya v. State*, 810 S.W.2d 160, 166 (Tex. Crim. App. 1989)); *Ex parte Templin*, 945 S.W.2d 254, 258 (Tex. App.—San Antonio 1997,

---

[1]Section 37.07 of the Texas Code of Criminal Procedure provides,
> In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.  If the jury fails to agree on the issue of guilt or innocence, the judge shall declare a mistrial and discharge the jury, and jeopardy does not attach in the case.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(a) (Supp.).

pet. ref'd) ("[T]here is no fixed length of time that a jury must deliberate before it may be discharged for failure to agree."). "The rule is well settled that the exercise of discretion in declaring a mistrial is determined by the amount of time the jury deliberates considered in light of the nature of the case and the evidence." *Nelson v. State*, 813 S.W.2d 651, 653 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (citing *Patterson v. State*, 598 S.W.2d 265, 268 (Tex. Crim. App. [Panel Op.] 1980)); *Beeman v. State*, 533 S.W.2d 799, 800 (Tex. Crim. App. 1976).

Yet, "[b]ecause it is an extreme remedy, a mistrial should be granted 'only when residual prejudice remains' after less drastic alternatives are explored." *Ocon*, 284 S.W.3d at 884–85 (quoting *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. Crim. App. 2005)). When a lesser remedy is not requested, we will not reverse the court's judgment if the problem could have been cured by a less drastic alternative. *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004); *see also Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (concluding that the trial court did not abuse its discretion in denying the appellant's motion for mistrial when the appellant had not requested the less drastic remedy of a continuance). The Texas Court of Criminal Appeals has noted that "[l]ess drastic alternatives include instructing the jury 'to consider as evidence only the testimony and exhibits admitted through witnesses on the stand.'" *Ocon*, 284 S.W.3d at 885 (quoting *Arizona v. Washington*, 434 U.S. 497, 521–22 (1978) (White, J., dissenting)).

## B.    Factual and Procedural Background

The record here reflects that the jury began deliberating at 11:00 a.m. on January 31, 2019. At 11:55 a.m., the jury asked to see the Sexual Assault Nurse Examiner's (SANE) report and the victim's testimony. While the SANE report, which was introduced into evidence, was provided to the jury, the trial court denied the jury's request for a transcript of the victim's testimony unless the jury identified which portion of the testimony was in dispute. The jury then broke for a one-hour lunch at 12:30 p.m.

After lunch, the jury sent several notes seeking clarification of the evidence. At 1:46 p.m., the jury asked to "review the victim's testimony on the outcry/ [sic] and or description of the incident and or assault" and also wished to "know who all was present during the SANE exam." The trial court instructed the jury that it would investigate a response to the question of requested victim testimony but clarified that no additional evidence would be presented to show who was at the SANE examination. At 2:43 p.m., the jury sent the following note: "The jurors are having a disagreement on the account of events. We would like clarification if the events occurred in one visit or two separate visits. There are disagreements on what was heard from [the victim] in regards to penetration." The trial court read the portion of the victim's testimony that related to penetration. As for the remaining issues raised by this jury note, Butler and the State agreed to the trial court's response, which instructed the jury to rely on its recollection of the facts and evidence presented at trial. The jury returned to deliberate but asked for and received a break at 3:28 p.m.

After the break, it became clear that the jurors were deadlocked. The trial court received a jury note at 3:56 p.m., which sought the trial court's advice because two jurors were undecided

5

while the remaining jurors were split on the issue of guilt/innocence. By agreement of the parties, the trial court issued an *Allen* charge to the jury.[2] The jury returned to its deliberation at 4:13 p.m. At 5:14 p.m., the jury informed the trial court that it was "making progress" but wanted to adjourn for the day. The trial court allowed the jury to adjourn but requested that they return to the jury room on the following day by 9:00 a.m. so they could continue to deliberate.

On February 1, 2019, the jury promptly continued its deliberation at 9:00 a.m. At 9:31 a.m., the jury sent a note stating that it could not come to a verdict because one juror remained undecided while the other jurors were still split on the issue of guilt/innocence. After receiving the note, the trial court invited the parties to make any suggestions on how to proceed, but neither party offered any suggestions or comments. As a result, the trial court told the parties it would declare a mistrial "[b]ased upon the stalemate as indicated by the jury and the fact that the Court had previously given them an Allen charge." When asked whether he wished to preserve any claims or objections to the mistrial, Butler affirmatively answered, "No, Your Honor." Thus, a mistrial was declared.

### C.    Analysis

On appeal, Butler argues that the trial court erred in determining that it was altogether improbable that the jury would agree on a verdict. We disagree.

We begin by accepting Butler's characterization of the case, which follows:

> The evidence was difficult. The entire case involved the unsupported allegation of the child victim of the assaults. The charges were denied by Butler and disbelieved

---

[2]"An *Allen* charge is a supplemental charge sometimes given to a jury that declares itself deadlocked. It reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve." *Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006) (citing *Allen v. United States*, 164 U.S. 492, 501 (1896)).

by the victim's own mother. At least one of the assaults allegedly occurred in a room with another child, who denied any knowledge of the assault. The evidence was light and contradictory.

Due to the nature of this evidence, the record reflects that the jury deliberated for a considerable amount of time, had several disagreements as to the evidence presented, and indicated its deadlock at 3:56 p.m. on the first day of deliberation. The trial court attempted several less drastic remedies, including reminding the jurors to consider only the evidence presented at trial and giving them an *Allen* charge. The trial court also allowed the jury to return to deliberate the following day, but the jury returned another note reflecting its deadlock. Based on the record, we cannot conclude that the trial court abused its discretion in finding it was altogether improbable that the jury could agree.

Also, the record reflects that Butler did not object to the mistrial or suggest any less drastic alternatives even though the trial court gave him an opportunity to do so. A defendant who does not object to the trial judge's sua sponte declaration of a mistrial, despite an adequate opportunity to do so, has impliedly consented to the mistrial. *See Torres v. State*, 614 S.W.2d 436, 441–42 (Tex. Crim. App. [Panel Op.] 1981).

Because we find both that the trial court did not abuse its discretion in granting a mistrial and that Butler consented to the mistrial, we overrule Butler's first issue on appeal.

## II.     The Judgment Contains the Correct Statute of Offense

Next, the State indicted Butler for aggravated sexual assault of a child younger than fourteen. Butler argues that the "judgment references Texas Penal Code section 22.01(a)(2)(B), which is a provision for assault." Butler is incorrect because the statute of offense in the judgment

7

is Section 22.021, the aggravated sexual assault statute, not Section 22.01. Under Section 22.021(a)(2)(B), the offense is a first-degree felony if the victim is younger than fourteen. TEX. PENAL CODE ANN. § 22.021(a)(2)(B). Because the trial court's judgment listed the correct statute of offense, we overrule Butler's second point of error.

### III. We Modify the Judgment and Bill of Costs by Deleting Assessment of Attorney Fees

Because the trial court found Butler indigent, he was presumed to remain indigent absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Even so, the trial court, which also found Butler indigent after trial for purposes of appeal, assessed $1,224.75 in attorney fees against him.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there is no finding of the ability of Butler to pay them, the assessment of the attorney fees against him was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309

8

S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). The State agrees and concedes the issue.

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker*, 557 S.W.3d at 690 (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments)). We sustain Butler's last point of error and modify the trial court's judgment by deleting the assessment of $1,224.75 for attorney fees.

## IV.    Conclusion

We modify the trial court's judgment and the bill of costs by deleting the assessment of $1,224.75 for attorney fees. As a result, both the trial court's judgment and the bill of costs should reflect $609.00 as the total amount of court costs. As modified, we affirm the trial court's judgment.


Ralph K. Burgess
Justice


Date Submitted:     April 7, 2020
Date Decided:       April 14, 2020

Do Not Publish

9